**JACOBY, Estate of, In re.**

Probate Court, Butler County.

No. 29040.

Fitton, Pierce & Black, Hamilton.
Richard A. Wilmer, Middleton.

## OPINION

By WALSH, J.

Lillian Jacoby died testate on the 30th day of July, 1955. Her Last Will and Testament, executed on the 17th day of December, 1954, was admitted to probate by this Court on the 17th day of August, 1955.

An action was thereafter filed in the Common Pleas Court of this County, contesting the validity of said Will, and a trial was had, resulting in a verdict of the jury and a judgment of the Court, sustaining the Will.

Upon application of the Executor, this Court on February 19, 1957, fixed the amount and ordered a payment of fees to the attorneys employed by the Executor to defend the Will, allowing compensation to counsel for the Executor in the sum equal to six percent (6%) of the gross value of said estate, and to credit himself with such payment in his accounting herein.

This entry was endorsed as follows:

"Have seen F. P. N. B. Hamilton Community Home" and there were no other endorsements on said entry.

An application was filed on May 27, 1957, by the Community Home Association of Hamilton, Ohio, residuary legatee and Devisee named in the Will of Lillian Jacoby, deceased, alleging that the Court in exercising its discretion invested in the Court, should tax and charge the expense proportionately to and against the beneficiaries of said Last Will and of said Estate whose interests were protected and preserved thereby, in accordance with their respective proportionate interest in, and benefits derived from said estate.

To that application, a motion was filed August 2, 1957, by Richard A. Wilmer, one of the beneficiaries of the Last Will and Testament of Lillian Jacoby, deceased, and moved that the Court strike from the files, the application of the Community Home Association of Hamilton, Ohio.

In said motion, it is the contention of Richard A. Wilmer, that the order of the Court allowing compensation for Executor's attorneys, is a final order and might have been appealable but is not otherwise reviewable by this Court.

The Court finds that it is necessary to first rule upon the motion before considering the application or the contention, or intentions that may have, or not have, been expressed in the Last Will and Testament of Lillian Jacoby.

The entry allowing compensation for Executor's attorneys does not mention from what fund, or by whom, such fees should be paid. It merely states that the attorneys are entitled to the compensation, and that the Executor is authorized to pay said sum to the attorneys, and to credit himself with such payment in his accounting herein. These monies then necessarily would be paid from the general funds of the estate. Inasmuch as exceptions could be taken to the Executor's accounting any time up to and including the final account, this Court is of the opinion that the question raised by the applicant, the Hamilton Community Home of Hamilton, Ohio, was not determined in the entry allowing compensation for the Executor's estate.

Therefore, it is the opinion of this Court that the applicant had a legal right to file its application asking for a determination as to whether such expenses should be apportioned or non-apportioned among the beneficiaries. The motion not being well taken is overruled.

The Court understands the law to be, that if said expenses are non-apportioned then the burden of paying these expenses will fall upon the residuary Legatee and Devisee, the Hamilton Community Home, Hamilton, Ohio.

The Last Will and Testament is as follows:

"I, Lillian Jacoby residing at 1015 South Main Street in the City of Middletown, Butler County, Ohio, being of full age and of sound and disposing mind and memory, do make, publish and declare this to be my Last Will and Testament, hereby revoking any and all Wills and codicils heretofore made by me.

"ITEM I: I direct that all of my just debts, funeral and testamentary expenses be paid out of my estate as soon after my decease as may be found practicable.

"ITEM II: I give and devise my farm of 246 acres on the West Elkton Road in Wayne Township, Butler County, Ohio, to my good friend and former neighbor whom I have known since early childhood, Richard A. Wilmer of Middletown, Ohio.

"ITEM III: I give and devise my home, 1015 South Main Street, Middletown, Ohio, together with all furniture and effects therein except my jewelry and rings hereinafter mentioned to my good friend Mrs. Jack Wilson now residing at 14th and Main Streets in the City of Middletown.

"ITEM IV: I give and bequeath to the said Richard A. Wilmer all of my shares of capital stock in the Inside Realty Company, a corporation of Hamilton, Ohio.

"ITEM V: I give and bequeath all of my rings and jewelry to Mary Wilmer the wife of Richard A. Wilmer, to be held by her for her daughter, Mary Allyson, until said daughter becomes old enough to take care of them.

"ITEM VI: I give and bequeath to Lallie Shearer whom I have known for many years and who is now living with me at my home in Middletown the sum of $5,000.00.

"ITEM VII: I give and bequeath to the twin boys of Elvin Wagner of Middletown the sum of $2,000.00 each which I hope will aid in their education.

"ITEM VIII: I give and bequeath the sum of $2,000.00 each to Becky and Vicki Perkins, the daughters of Emma Perkins of Middletown, Ohio.

"ITEM IX: I give and bequeath to my cousin, Henry Kenworthy of Preble County, the sum of $5,000.00.

"ITEM X: All the rest and residue of my estate I give, devise and bequeath to the Hamilton Community Home of Hamilton, Ohio. Subject to the payment of taxes provided by Item XI of this Will.

"ITEM XI: All taxes due and payable to the State of Ohio or the United States Government on the administration of my estate I direct to be paid out of the body of my estate and not charged against the individual devisees or legatees herein named.

"ITEM XII: Should any of the legatees or devisees herein named

file action to contest this Will or file any claim for services against my estate, I direct that any devise or legacy herein provided for them shall lapse and be of no effect.

"**ITEM XIII:** I hereby nominate and request the Probate Court to appoint my good friend, John D. Andrews, whom I have known for many years as Executor of this my Last Will and Testament. If for any reason said John D. Andrews is unable or unwilling to serve in such capacity, I nominate and request the Probate Court to appoint his partner and associate, Richard W. Berridge, as executor of this Will.

"I hereby authorize my said Executor to compound, compromise, and otherwise settle and adjust any and all claims, debts and demands against or in favor of my estate, and I further authorize my said Executor to execute and deliver all instruments in writing necessary or incidental to the proper fulfillment of the foregoing powers.

"IN WITNESS WHEREOF, I have hereunto subscribed my name to this my Last Will and Testament this 17th day of December, 1954."

Lillian Jacoby (signed)

"Signed, published and declared by said Lillian Jacoby as and for her last Will and Testament in our Presence, and we, at her request and in her presence and in the presence of each other, have herunto set our hands this day and year above written at Hamilton, Ohio."

/s/ Robert H. Martin — Residing at Hamilton, O.

/s/ Hugh D. Holbrock — Residing at Hamilton, O.

CODICIL

"In addition to the specific bequests contained in the foregoing Will I do hereby bequeath to Dr. E. C. Peck of Middletown, Ohio, the sum of $5,000.00 to be paid prior to the bequest contained in Item X in said Will and I do hereby reaffirm all the other provisions of said Will.

"IN WITNESS WHEREOF, I have hereunto set my hand this 17th day of December, 1954."

/s/ Lillian Jacoby

Witnessed by:
/s/ Robert H. Martin

/s/ Hugh D. Holbrock

This Court feels it necessary to set forth briefly the contentions of parties, as set forth in the briefs of counsel.

Counsel for applicant cites §2101.32 **R. C.**, which reads as follows:

"Rules and procedures of court of common pleas to govern power to award and tax costs.—

The probate judge shall have the powers, perform the duties, and be governed by the rules and regulations provided for the courts of common pleas and the judges thereof in vacation. The sections of the Revised Code governing civil proceedings in the court of common pleas shall govern like proceedings in the probate court, when there is no provision on the subject in **Chapters 2101.** to **2131.**, inclusive, **R. C.**

"In all actions or proceedings had in the probate court, whether

ex parte or adversary, the court may award, tax, and apportion costs between the parties, on the same or adverse sides."

This Court believes this to be the law applicable where no provision is made in a Will, or the administration of the Will or Trust, for payment of any cost or expenses, or where it could not be determined in such a Will that the testator had expressed any intention or direction as to who among the beneficiaries should defray the expenses and debts.

It appears to this Court, that §2107.54 R. C., which reads as follows:

"Contribution; exception—When real or personal property devised or bequeathed, is taken from the devisee or legatee for the payment of a debt of the testator, the other devisees and legatees must contribute their respective proportions of the loss to the person from whom such payment was taken so that the loss will fall equally on all the devisees and legatees according to the value of the property received by each of them.

"If, by making a specific devise or bequest, the testator has exempted a devisee or legatee from liability to contribute to the payment of debts, or if the will makes a different provision for the payment of debts than the one prescribed in this section, the estate must be applied in conformity with the will.

"A devisee or legatee shall not be prejudiced by the fact that the holder of a claim secured by lien on the property devised or bequeathed failed to present such claim to the executor or administrator for allowance within the time allowed by §§2117.06 and 2117.07 R. C., and the devisee or legatee shall be restored by right of contribution, exoneration, or subrogation, to the position he would have occupied if such claim had been presented and allowed for such sum as is justly owing thereon.

"This section does not affect the liability of the whole estate of the testator for the payment of his debts. This section applies only to the marshaling of the assets as between those who hold or claim under the will."

cannot be ignored in the determination of the matter before it.

This section provides that if there is any intention expressed by the testator as to how or by whom the "debts" shall be paid then the intention of said testator would be a controlling factor.

Therefore, it is necessary for this Court to examine the Will from its four corners, and to determine whether or not this Testatrix directed that such "debts" and other costs of administration, or as she determined it, "testamentary expenses" should be paid from the residual, or that the Court, in its discretion, should allow an apportionment or non-apportionment in the payment of the expense of attorneys fees.

Counsel for the applicant cites the case of **Holmes v. Hrobron, 93 Oh Ap 1** as a leading authority in the State of Ohio, in this case. It will be noted in the Hrobron case that this was an action for declaratory judgment, which is essentially an action to construe the Will and for a proper accounting between the life tenant and the remaindermen as well as between the life tenant and the trusts instituted in the Probate Court. There Item 1, of the testators will directed "that all my

just debts and funeral expenses be paid out of my estate as soon as practicable as soon as my decease." The life tenants question propounded to the Court was "should the cost and expenses of this litigation be charged to the income of the life tenant or to the corpus of the remaindermen. The life tenant contends that expenses of this litigation are properly chargeable to income on the ground that the demand of the life tenant for additional income, in a letter to the trustees, made it necessary that trustees file this action for declaratory judgment in order to protect the trust estate."

In its opinion, the Court further said:

"The term 'cost' as used in §10501-22 GC, includes not only Court Costs, but other expenses incident to the litigation with respect to which the Court may make an award and finding. In our opinion, in addition to Court Cost, it included compensation to the special master commissioner, stenographic and accounting charges and compensation to counsel for the respective parties which may be properly chargeable to the income of the corpus. The Court not only has statutory authority but has inherent discretionary power to apportion the cost of this litigation 'as it adjudges to be right and equitable.'"

On page 75, the Court further says:

"**There is no provision in the Will which controls the judgment of this Court in determining against whom the expenses of litigation are properly chargeable or the manner in which the expense should be apportioned between the parties.** Emphasis added. The Court is constrained to do that which in its judgment seems to be just and equitable."

On appeal of the Hrobron case to the Supreme Court of Ohio, that Court in 158 Oh St page 530, inquiring into who should be required to pay the cost and expenses of the litigation stated:

"that the major items are taxable, Court Costs and fees for services of trustees attorneys, services of life tenants attorneys, services of the remaindermens attorneys rendered in the determination of numerous questions respecting the powers of the trustees, the rights of the life tenants and the protection of the remainderman, were properly expenses and should be divided, should be paid equally out of the corpus and the income of the trust."

It is the opinion of this Court that an entirely different fact situation exists in the Hrobron case and the case at bar.

In the Ullman case, decided October, 1909, and reported in Ohio Circuit Court, new series, volume 12, page 340, there was an objection urged upon the Court, upon appeal, as to the claim for additional compensation allowed for the Executor. It being contended that the Executor had no authority to employ counsel or to expend monies of the estate in defense of the Will, and the Court ought not to allow him (Executor) credit for any fees paid counsel for such services.

With this contention, this Court does not agree. That Court, by Obiter Dictum, stated that:

"We think in this particular case, where this Executor was practically a trustee and clothed with some extraordinary powers in addition to ordinary duties of Executor, it was perfectly proper and right for

him to intervene, and the benefited parties should have been compelled to contribute to the payment of expense thereof either out of the estate general or any other equitable way that the court may direct.

Further on the Court says:

"that in this particular case however, the allowance to the Executor generally out of the estate, for money paid by him as attorney fees in the contest of this Will, results in placing the entire burden upon the residuary legatee.

"True, the expense of attorneys in the settlement of an estate must be paid out of the residuary fund, it is only to extraordinary expense in the contesting of a Will that the devisees and legatees under the Will should be compelled to contribute, etc."

The Court in that matter could not pronounce in any law whatsoever, upon an apportion or non-apportion expense for counsel for the Executor in the defense of any Will contest.

In 22 O. Jur. 2-d, page 268, paragraph 267:

"Whether Charged to General Estate or Apportioned—

"Allowable attorneys' fees are treated as expenses of administration. They are properly charged to the corpus of the estate.

"Whether the expenses of a successful defense of a will contest should be charged to the general estate or be equitably apportioned among the interests passing by the will presents a considerable question, but the intention of the testator, if expressed in the will, is controlling and a direction to pay debts includes costs of administration. In the absence of a contrary intention expressed in the will where there are specific legacies and devises and a residuary estate is created, expenses incurred by the executor are chargeable against the estate and will not be equitably apportioned among the several beneficiaries."

In the **Dickey case** reported in 87 Oh Ap page 255, the testator in Item 1, of his will, directed his Executor to make payments from his estate of all his just debts, expenses of his last illness and burial, and all of the State and inheritance taxes which may be levied on his estate or which may be imposed on any devisee or bequest made by him herein, **together with the necessary expenses of administering his estate.** There was a residuary clause in the Dickey will and there was a contest to invalidate the Will and have it held for naught. The Executor engaged counsel and was successful in sustaining the will as the Last Will and Testament of Arthur C. Dickey. The question arose in that case as to whether or not such expenses as attorneys' fees should be paid out of the residual of the estate or be apportioned among the various beneficiaries.

By Item I, in the Dickey Will, the Executor was directed to pay from the estate all the just debts, expenses of last illness, burial, State Inheritance tax, together with the necessary expenses of administering the estate. Judge Love, in a very well considered opinion, in deciding the Dickey case held that the testator intended, and that the Statutes of Ohio support his intentions, that all expenses, including reasonable attorney fees incurred in connection with contesting the Will are debts

of the estate and should be paid by the Executor as part of the cost of the administration.

It should be noted that in the Will of Lillian Jacoby, the Executor was ordered and directed to pay all just debts, funeral and **testamentary expenses** out of her estate.

Do the words "necessary expenses of administering my estate" and "testamentary expenses" have the same import.

In the case of In Re: Kortright's Estate, 85 Atlantic Reporter, page 109, the words "testamentary expenses" were used in the Last Will and Testament of the testatrix. That Court pointed out that by the sixth clause of her second Will, the testatrix directed that out of the proceeds of her English property which she authorized her Executor to sell, they should pay her funeral and testamentary expenses and debts in England and the legacies herein before, or by any codicil hereto bequeathed, and the duty on all legacies herein before, or by any codicil hereto bequeathed, free of duty.. By the British Finance Act of 1894, it is made the duty of an Executor to pay the government an "estate duty," declared by the act to be a "stamp duty" on "all personal property (wheresoever situate) of which the deceased was competent to dispose of at her death."

Continuing the Court said:

"the testatrix intended that there should be two separate independent administrations of her estate and that her property in England should be distributed in one way and that in America in another. By the English Will she expressly directed that out of the funds to be realized out of the sale of her property in England there should be paid her funeral, and testamentary expenses. What did she mean by "testamentary expenses." She is presumed to have known what the English Courts have declared these words to mean five years before she executed her will, and having executed it with such knowledge she must have been understood as having intended to use the words in the sense given to them by the courts when applying the Finance Act of 1894 to them"

In the Law Reports of the Supreme Court of Judicatore, of cases determined in the Chancery Division for England and Wales, Year 1900, volume 2, the case of In Re: Clemow. The Executor Robert Clemow had paid the funeral expenses of Gertrude Clemow at her death, but questions arose as to what was included under the heading of her testatmentary expenses. Mary Yeo took out this summons for the determination of the questions whether, under the directions contained in the Will of the Testator, the Executor and Trustees of this Will were bound or entitled to pay out of the residual estate (a) the cost of Thomas Buck of the action in the Probate Division; (b) all costs properly incurred by the plaintiff in, about, and incidental to obtaining the grant of letters of administration to the estate of Gertrude Clemow; (c) the estate duty payable on the death of Gertrude Clemow; (d) the fees, costs, charges, and expenses of, and in connection with, the administration of said estate, or any and which of them.

The Court held that the direction for payment of the "testamentary expenses" of the testator's widow **extended** to (1) cost and expense of

the plaintiff in obtaining the letters of administration, and in connection with the administration of the estate of the widow; (2) the cost of the brother of the action of the Probate Division, and (3) the estate duty payable on the death of the widow in respect to her personal property.

THEREFORE, applying the proper intention of testatrix, the interpretation of the Statutes and the decisions of the Courts in the determination of testamentary expenses, it is the opinion of this Court that the words "testamentary expenses" embrace all those expenses that arise out of the protection and defense of the Last Will and Testament of Lillian Jacoby, deceased. To give a contrary interpretation to the words "testamentary expense" would be, in effect, to re-write the Will of Lillian Jacoby, deceased. It is a matter of law that she is presumed to know the nature of the words she uses in her Will and the effect such words will have upon the devolution of the property that she desires to bequeath or devise.

The Court therefore, finds that the applicant is not entitled to the relief he seeks and that the expenses are a charge upon the residual of this estate.

An entry may be drawn in accordance with this opinion.

**JACOBY, Estate of, In re.**

Probate Court, Butler County.

No. 29040.

248

Edwin Pierce, John D. Andrews and Richard A. Wilmer.

## OPINION

By WALSH. J.

This matter comes on for hearing upon a Petition for Instructions, wherein the plaintiff John D. Andrews, as Executor of the estate of Lillian Jacoby, deceased, sets forth that by the terms of the Will of Lillian Jacoby, there was specifically bequeathed to Richard A. Wilmer, defendant herein, capital stock of the Inside Realty Company, consisting of fifty (50) shares, at the appraised value of Fifty Thousand ($50,000.00) Dollars. That the defendant, the Community Home Association, is the residuary legatee under said will.

Plaintiff alleges that as such Executor, he was required to defend certain litigation involving said fifty (50) shares of capital stock of the Inside Realty Company, by reason of an action brought against him as Executor, by one J. W. Holman, who claimed ownership of said shares by virtue of a contract, allegedly made by Lillian Jacoby during her lifetime; that said litigation terminated favorable to the estate of Lillian Jacoby, and thereafter plaintiff filed an application asking for authority of this Court to pay his attorneys a reasonable amount for their services in connection with said litigation.

The plaintiff asks for instructions of Court as to the payment for said services, and as to which of said defendants should be charged therewith in the distribution of said estate.

Well considered briefs have been prepared by counsel for each defendant, wherein each strongly contends that the financial burden of legal services should be placed upon the other. The question for this Court, and to be decided herein, is whether such expense shall be paid out of the residual of said estate, or from the shares of stock, transferable to the legatee Richard A. Wilmer.

The many authorities cited in each brief have been carefully studied by this Court. There does not seem to be any contention that the Executor does have a duty to defend and/or prosecute all actions that are necessary, or even in good faith, advisable to foster and protect the interest of the estate for which he is the fiduciary.

The authorities are innumerable, setting forth the law that an Executor does have the right, and duty, to defend all suits that may be brought against the estate. Further, that such an Executor has a duty to protect the estate from invalid and doubtful claims and obligations, and to preserve the estate and protect it from mis-management or action of waste,

This Court is not unaware of the fact that the Executor's successful defense of an action brought against him by J. W. Holman, involving the ownership of the fifty (50) shares of stock of the Inside Realty Company, did preserve those assets of the estate for the benefit of Richard A. Wilmer, as such legatee thereof, under Item IV, of the Last Will and Testament of Lillian Jacoby. That by the successful defense of the action by the Executor, Richard A. Wilmer, as the legatee of the shares of stock was the only one who benefited therein.

Items I, IV, X and XI of the Last Will and Testament of Lillian Jacoby, deceased, read as follows:

"ITEM I: I direct that all of my just debts, and funeral and testamentary expenses be paid out of my estate as soon after my decease as may be found practicable.

"ITEM IV: I give and bequeath to the said Richard A. Wilmer all of my shares of capital stock in the Inside Realty Company, a corporation of Hamilton, Ohio.

"ITEM X: All the rest and residue of my estate I give, devise and bequeath to the Hamilton Community Home of Hamilton, Ohio. Subject to the payment of taxes provided by Item XI of this Will.

"ITEM XI: All taxes due and payable to the State of Ohio or the United States Government on the administration of my estate I direct to be paid out of the body of my estate and not charged against the individual devisees or legatees herein named."

Counsel for the Community Home Association cites §2101.32 R. C., and alleges that this Court has the power, authority and the duty, to tax the subject expense against the party, and only the party, who benefited by the services to be compensated. Sec. 2101.32 R. C., reads as follows:

"Rules and procedures of court of common pleas to govern power to award and tax costs.—

"The probate judge shall have the powers, perform the duties, and be governed by the rules and regulations provided for the courts of common pleas and the judges thereof in vacation. The sections of the Revised Code governing civil proceedings in the court of common pleas shall govern like proceedings in the probate court, when there is no provision on the subject in Chapters 2101. to 2131., inclusive, R. C.

"In all actions or proceedings had in the probate court, whether ex parte or adversary, the court may award, tax, and apportion costs between the parties, on the same or adverse sides."

This Court believes, as stated in a previous Opinion, this to be the law applicable where no provision is made in a Will, or the administration of the Will or trust, for payment of any costs or expenses, or where it could not be determined in such a Will that the testator had expressed any intention or direction as to who among the beneficiaries should defray the expenses and debts.

It continues to appear to this Court, that §2107.54 R. C., which Reads as follows:

"Contribution; exception—When real or personal property devised or bequeathed, is taken from the devisee or legatee for the payment of a debt of the testator, the other devisees and legatees must contribute

their respective proportions of the loss to the person from whom such payment was taken so that the loss will fall equally on all the devisees and legatees according to the value of the property received by each of them.

"if, by making a specific devise or bequests, the testator has exempted a devisee or legatee from liability to contribute to the payment of debts, or if the will makes a different provision for the payment of debts than the one prescribed in this section, the estate must be applied in conformity with the will.

"A devisee or legatee shall not be prejudiced by the fact that the holder of a claim secured by lien on the property devised or bequeathed failed to present such claim to the executor or administrator for allowance within the time allowed by §§2117.06 and 2117.07 R. C., and the devisee or legatee shall be restored by rights of contribution, exoneration, or subrogation, to the position he would have occupied if such claim had been presented and allowed for such sum as is justly owing thereon

"This section does not affect the liability of the whole estate of the testator for the payment of his debts. This section applies only to the marshaling of the assets as between those who hold or claim under the will."

cannot be ignored in the determination of the matter before it.

This section provides that if there is any intntion expressed by the testator as to how or by whom the "debts" shall be paid, then the intention of said testator would be a controlling factor.

Therefore, it is necessary for this Court to examine the Will from its four corners, and to determine whether or not this testatrix directed that such "debts" and other costs of administration, or as stated in the Will, "testamentary expenses," should be paid from the residual estate, or should be borne by Richard A. Wilmer, legatee of the fifty (50) shares of stock.

Counsel cites the case of **Foltz v. Boone, 107 Oh St 562,** decided in May, 1923, as the law applicable in the present cause of action. With this contention, this Court cannot agree, for the reason, fees for a fiduciary and his counsel could not be obtained where such fiduciary was unsuccessful in the maintenance or defense of the action, also, the statute then in force has been amended to include fiduciary and counsel fees in the proper defense of actions, irrespective of the outcome of the litigation.

**Sec. 2113.36 R. C.,** entitled "Further Allowance; Counsel Fees" reads as follows:

"Allowances, in addition to those provided by §2113.35 R. C., for an executor or administrator, which the probate court considers just and reasonable shall be made for actual and necessary expenses and for extraordinary services not required of an executor or administrator in the common course of his duty. When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration. The Court may at any time during administration fix the amount of such fees, and, on application of the executor or admin-

istrator or the attorney, shall fix the amount thereof. When provision is made by the will of the deceased for compensation to an executor, the amount provided shall be a full satisfaction for his service, in lieu of such commissions or his share thereof, unless by an instrument filed in the court within four months after his appointment he renounces all claim to the compensation given by the will."

Therefore, the statutes of Ohio support the holding that reasonable attorney fees should be allowed as a part of the expenses of administration. The phrase "should be allowed as part of the expenses of administration" is new, it having been included when the statute was amended, effective August 22, 1941. Therefore, this Court, in applying the proper intention of the testatrix, and the interpretation of the statutes and decisions of the Courts in the determination of "testamentary expenses," is of the opinion that the words "testamentary expenses" braces all those expenses that arise out of the protection and defense of the Last Will and Testament of Lillian Jacoby, deceased.

The Court therefore, is of the opinion that the expenses incurred by the executor in the defense of the litigation involving the fifty shares of stock, is a testamentary expense and does hereby find that such expense is a charge upon the residual of this estate.

An entry may be drawn in accordance with this opinion.