Spoerl, Admr., Appellee, *v.* Schriever et al., Appellants; Waldvogel et al., Appellees.

[Cite as Spoerl v. Schriever (1975), 44 Ohio App. 2d 161.]

(No. CA-74-03-0020—Decided June 9, 1975.)

*Messrs. Parrish, Beeler, Bartels, Beimford, Fryman & Smith,* for appellee Spoerl.

*Messrs. Pater, Pater & Pater,* for appellants.

*Messrs. Condo, Walsh & Stitsinger,* for appellee Waldvogel et al.

Buzzard, P. J. This is an appeal from the probate division of the Court of Common Pleas of Butler County. John W. Druck died testate and his will was admitted to probate. There was no will contest. However, three of the legatees named by him predeceased him and there was no residuary clause in the will, and the will made no provision for such lapsed legacies. The testator was unmarried and the persons named by him in the will were not related to him, except one Earl Koffer, a cousin. A declaratory judgment action was filed to determine who was entitled to the lapsed legacies. The court held that the lapsed legacies became intestate property and descended to testator's next of kin. The court then ordered that all debts and expenses of administration be paid from this intestate property rather than from the entire estate. It is from this latter finding and judgment that the next of kin appeal.

The single assignment of error charges:

"The trial court erred in assessing all the debts and the costs of administration against the intestate property."

Appellants rely on Item I of the will to support their contention that the debts and costs of administration should be paid from the entire estate. Item I reads:

"I direct that all my legally enforceable debts and funeral expenses be paid as soon after my decease as may be found practicable."

Appellants argue that it is obvious from this item that the testator wanted to first pay debts and expenses and then reduce the balance to cash and distribute accordingly.

R. C. 2117.25 provides:

"Every executor or administrator shall proceed with diligence to pay the debts of the deceased and shall apply the assets in the following order:

"(A) Costs and expenses of administration * * *."

Item I of the will only recites what the statute makes obligatory. It is significant that Item I does not say that the debts and expenses of administration shall be paid out of any particular part of the estate. As the trial court stated, Item I is directory only, because the statute compels payment in the first order of priority. We do not agree with appellants argument that Item I of the will clearly indicates that the payment should come from the entire estate. Rather, we believe that where there is intestate personalty resulting from the lapse of bequests in a will, such intestate personalty shall first be applied to the payment of debts and costs of administration. 22 Ohio Jurisprudence 2d 702, Executors and Administrators, Section 336.

*Judgment affirmed.*

CRAWFORD and HOLMES, JJ., concur.

BUZZARD, J., of the Court of Common Pleas of Columbiana County, retired, and CRAWFORD, J., of the Second Appellate District, retired, assigned to active duty under authority of Section 6(C), Article IV, Constitution, sitting by designation in the Frist Appellate District.

HOLMES, J., of the Tenth Appellate District sitting by designation in the First Appellate District.