IN RE ESTATE OF COLEMAN.

(No. L-88-010—Decided
October 21, 1988.)

*Suzanne D. Humbert,* appellant,
*pro se.*

*Robert Gosline,* for appellee Cline
Neill.

*C. William Bair* and *Paul Kraus,*
for appellee Toledo Trust.

*Per Curiam.* This matter is before
the court on appeal from the Lucas
County Court of Common Pleas, Pro-
bate Division.

The facts giving rise to this appeal
are as follows. Viola A. Coleman, a.k.a.
Neill, died testate on October 20, 1985.
She was survived by her second hus-
band, appellee, and her daughter, ap-
pellant, Suzanne D. Humbert. After
the executor filed its inventory of the
assets of the estate, both appellant and
appellee filed exceptions. It was then
agreed between the parties that the ex-
ecutor's attorney would marshal the
assets and prepare a new inventory. A
considerable amount of extraordinary
time was spent by the attorneys seek-
ing the missing assets, some of which
were never located. The bulk of the ex-
tra time was spent locating assets
which were found in appellant's
possession and in determining what
assets held by appellee were to be in-
cluded in the estate belonging to the
decedent.

After the inventory was finally ap-
proved, the executor filed an applica-
tion for allowance of attorney fees in
the amount of $21,696.80. A hearing
was then held by the probate court.
The court determined that 122.50
hours of legal work were expended due
to the actions of appellant. Therefore,
the court ordered appellant to pay this
portion of the bill plus one-half of the
remainder. Appellee was ordered to
pay the other half of the remainder of
the bill.

Appellant has brought this appeal
to challenge the division of the ad-
ministration expenses of the estate and
asserts the following two assignments
of error:

"I. Both the law and the facts
clearly demonstrate that any at-
torneys' fees incurred by the executor
should be charged to the estate and
borne equally by the beneficiaries.

"II. Because the executor has no
interest in the outcome of this appeal,
this matter should be returned to the
probate court with instructions to deny
any application from the bank for at-
torney fees related to this appeal."

Appellant argues in her first
assignment of error that the attorney
fees in this case should have been paid
out of estate funds and, therefore,
equally shared by appellee and appel-
lant.

The executor has the duty to col-
lect assets and administer the estate of
the decedent. R.C. 2113.25. He may
hire an attorney to assist him and will
be reimbursed for any reasonable and
necessary attorney fees paid. R.C.
2113.36. The only limitation is that the
attorney's services are beneficial to the
estate. *In re Estate of Jacoby* (P.C.
1958), 79 Ohio Law Abs. 247, 155 N.E.
2d 282; *In re Estate of Haggerty* (P.C.
1955), 70 Ohio Law Abs. 463, 128 N.E.
2d 680; and *In re Estate of Secoy*
(1984), 19 Ohio App. 3d 269, 19 OBR
439, 484 N.E. 2d 160; *In re Estate of
Hughes* (1946), 78 Ohio App. 143, 46
Ohio Law Abs. 492, 33 O.O. 494, 69
N.E. 2d 216; and *Cowgill* v. *Faulconer*
(1978), 57 Ohio Misc. 6, 8 O.O. 3d 423,
385 N.E. 2d 327.

Such attorney fees are to be
treated as an expense of administra-
tion of the estate. They are generally

paid entirely out of the residuary estate after all general and special legacies have been distributed, if there are sufficient funds, even though an heir which benefitted from the attorney's services does not thereby contribute to the payment of the attorney fees. *In re Estate of Dickey* (1949), 87 Ohio App. 255, 57 Ohio Law Abs. 346, 42 O.O. 474, 94 N.E. 2d 223, 20 A.L.R. 2d 1220; *Spoerl* v. *Schriever* (1975), 44 Ohio App. 2d 161, 73 O.O. 2d 159, 336 N.E. 2d 851 (administrative expenses are first to be paid out of intestate property resulting from lapsed bequests unless the will expressly states otherwise); and *Ziechmann* v. *Adomaitis* (Mar. 13, 1986), Cuyahoga App. No. 50264, unreported. Cf. *In re Estate of McKitrick* (P.C. 1960), 85 Ohio Law Abs. 323, 328, 15 O.O. 2d 274, 276, 172 N.E. 2d 197, 199-200 (the burden of attorney fees should be borne by all beneficiaries who were benefitted thereby).

Furthermore, since appellee elected against the will in favor of his statutory share, the provisions of R.C. 2107.39 control. Under that code section, the spouse elected to take a portion of the net estate under R.C. 2105.06 rather than the share bequeathed under the will. The balance of the net estate is distributed pursuant to the will as though the spouse predeceased the testator. The term "net estate" as used in R.C. 2107.39 has been defined as that part of the estate remaining after payment of all the expenses of administration. *Weeks* v. *Vandeveer* (1968), 13 Ohio St. 2d 15, 20, 42 O.O. 2d 25, 27-28, 233 N.E. 2d 502, 506. Therefore, the spouse and the residuary estate bear the burden of paying any attorney fees.

The case before us, however, presents a unique question under Ohio law, *i.e.,* whether the probate court can allocate the burden of paying extraordinary attorney fees, incurred in connection with the administration of the estate, entirely to the beneficiary whose actions precipitated such extraordinary fees.

Our research reveals only one case in Ohio which has directly dealt with this issue: *In re Estate of Wiehe* (May 9, 1984), Hamilton App. No. C-830419, unreported. In that case, the surviving spouse filed exceptions to the final and distributive account. Some of the exceptions were sustained by the probate court and, therefore, the court did not approve the account. The spouse appealed the court's order which overruled several of her exceptions, but the appellate court approved the probate court's order. Subsequently, a new account was prepared and an application for an order allowing payment of extraordinary legal fees incurred in connection with the exceptions to the account was included. The spouse once again filed exceptions to the account. The probate court approved, however, the payment of attorney fees and ordered that the amount should be paid entirely from the spouse's share of the estate. The court relied on its authority under R.C. 2113.53.

The appellate court, and we agree, found that R.C. 2113.53 was not applicable. However, the court held that R.C. 2109.33 did provide guidance as to how to deal with this issue. Since the court's reference to R.C. 2109.33 was apparently an error, we find it difficult to review its analysis. In any event, the court held that debts of the estate, which included attorney fees, should be divided according to the beneficiary's proportionate share of the estate, absent an express provision in the will to the contrary. Accordingly, the court sustained the spouse's objection and ordered the attorney fees to be split among all the beneficiaries in proportion to their share of the estate.

We do not agree with the holding in *In re Estate of Wiehe, supra.* Neither the legislature, case law, nor the will itself in this case mandates that admin-

istrative expenses are to be assessed pro rata against each beneficiary's share of the estate. R.C. 2117.25, which provides the order in which debts of the estate are to be paid, indicates that the debts are to be paid out of the "assets" of the estate. Therefore, we interpret the code as implicitly requiring that such expenses are to be paid out of the estate as a whole and, therefore, the burden is equally shared by the beneficiaries. We would find this rule to be true even if only one beneficiary was the cause of the increased expenses. Since the estate benefits as a whole from the extra work of the attorney in this action, the estate should pay the fees.

We find further support for this holding in light of the fact that R.C. 2109.50 and 2109.52 provide a means by which an interested party can proceed to recover concealed assets of an estate. Under those sections, if the party accused is found guilty of concealing assests, the court must assess a penalty and costs against the guilty party. Since it was unnecessary in this case for the parties to proceed under R.C. 2109.50, the court is without authority to assess costs against one party. Furthermore, because the legislature has provided a procedure to deter individuals from concealing assets, there is no need for the court to use the allocation of extraordinary administrative expenses as a penalty.

Accordingly, we find appellant's first assignment of error well-taken.

Appellant requests in her second assignment of error that we instruct the probate court to deny any application for attorney fees incurred with regard to this appeal.

The jurisdiction of the appellate court is restricted to the review of final, appealable orders of inferior courts. R.C. 2501.02. Because the probate court in this action has not yet even had the opportunity to address this issue, we are without jurisdiction to review this issue. To do so would constitute an advisory opinion, which is not a proper exercise of judiciary power.

Therefore, we find appellant's second assignment of error not well-taken.

For the foregoing reasons, we reverse the December 14, 1987 order of the probate court, and the supplemental order thereto dated December 17, 1987, only insofar as these orders direct appellant to pay a larger share of the executor's attorney fees. This cause is remanded for further proceedings not inconsistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24.

We find that our holding in this appeal is in conflict with the holding of the Court of Appeals for Hamilton County in *In re Estate of Wiehe* (May 9, 1984), Hamilton App. No. C-830419, unreported. In that case, the court held that the beneficiaries must split administration expenses in the same proportion as their share of the estate bears to the entire estate. We have held, however, that administration expenses are to be paid out of estate funds before the division of the assets among the beneficiaries so that all the beneficiaries share the burden of the expenses equally. Therefore, pursuant to Section 3(B)(4), Article IV, Ohio Constitution, we certify the record in the instant case to the Supreme Court for review and final determination.

*Judgment reversed*
*and cause remanded.*

CONNORS, HANDWORK and GLASSER, JJ., concur.