OPINION
{¶ 1} Appellant, R. Russell Kubyn, appeals from a final judgment of the Geauga County Court of Common Pleas, Probate Division. For the reasons that follow, we reverse the judgment of the probate court and remand the matter for further proceedings consistent with this opinion.
 {¶ 2} The record shows that Melvin E. Wyant, Jr. died on May 13, 1998. Tod A. Wyant, one of the decedent's sons, filed an application with the probate court to admit a copy of the decedent's will as a lost, spoliated, or destroyed will. After holding a hearing, the probate court admitted the copy of the decedent's will to probate and appointed Tod Wyant executor, who later retained appellant to help administer the estate.
 {¶ 3} Tod Wyant subsequently filed an inventory and appraisal of the decedent's property. Over the next fourteen months, however, the administration of the decedent's estate was marked by poor decision-making and the repeated failure to account for the assets of the estate.
 {¶ 4} On September 1, 2000, appellant filed an application with the probate court seeking a total of $16,317 for attorney fees. Attached to the application was an invoice itemizing the professional services appellant provided to the estate.
 {¶ 5} The probate court conducted a hearing on September 19, 2000, to consider fiduciary and attorney fees. During this hearing, the court raised concerns about the administration of the estate up to that point. Based on those concerns, the probate court delayed its decision on the approval of any fees at that time, and decided to consider their appropriateness when a final account was filed and approved.
 {¶ 6} On November 7, 2000, the probate held a second hearing on the issue of fiduciary and attorney fees. Both Tod Wyant and appellant were present, along with Tod Wyant's two brothers. The record shows that at that time the parties reached a settlement on all outstanding issues concerning the estate. Moreover, during the hearing, the probate court gave appellant the opportunity to present evidence in support of his application for attorney fees. Appellant, however, declined the offer and opted to rely solely on his application.
 {¶ 7} The probate court issued a judgment on November 8, 2002, in which it approved the final account with the exception of fiduciary fees. The probate court found that Tod Wyant "[had] failed to file timely accounts, [had] failed to bring about a timely conclusion of the estate, and a principle asset of the estate [had] depreciated by more than half its value during the administration of the estate." Thus, the court determined that due to his mismanagement, Tod Wyant was not entitled to any fiduciary fees and instructed him to either payback to the estate the fees he had already accepted, or make an appropriate adjustment in the final distribution. With respect to attorney fees, the probate court stated that it had reviewed appellant's application and approved attorney fees in the amount of $6,000. The remaining balance of appellant's request was denied without further discussion.[1]
 {¶ 8} On April 27, 2001, the probate court stayed its November 8, 2000 order approving the final accounting. Eventually, the probate court removed Tod Wyant as executor and appointed his brother, Scott Wyant, in his place. Appellant subsequently asked to be removed as counsel for the estate, and the probate court granted the request. However, on August 30, 2001, appellant filed a motion to intervene with the probate court in an effort to protect his award of attorney fees. The probate court granted appellant's motion.
 {¶ 9} The probate court issued a judgment entry on September 4, 2001, in which the court approved the final accounting of the estate. In doing so, the probate court found that while acting as executor, Tod Wyant had misappropriated funds by distributing assets to himself in excess of the amount provided for him under the will. The probate court further found that both Scott Wyant and Timothy Wyant were still entitled to a substantial amount of money under the terms of the will, and that appellant was owed $6,000 in attorney fees.
 {¶ 10} Unfortunately, due to Tod Wyant's malfeasance, the only assets remaining in the estate were firearms valued at $1,500 and cash totaling $15,627.43. As a result, the probate court concluded that equity required that appellant, Scott Wyant, and Timothy Wyant receive a proportional amount of the remaining assets, plus a judgment against Tod Wyant for the balance still due each individual. In accordance with this determination, the probate court awarded appellant $856 and issued a judgment against Tod Wyant for the remaining balance.
 {¶ 11} From this decision, appellant filed a timely notice of appeal with this court. He now argues under his sole assignment of error that the probate court erred in not awarding him the entire $6,000 previously approved. We agree.
 {¶ 12} R.C. 2113.36 provides, in part, that "[w]hen an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of the administration." "The determination of the amount of attorney fees to be paid from the estate is to be based upon the actual services performed by the attorney and upon the reasonable value of those services." In re Estate of Lindquist (Dec. 22, 1995), 11th Dist. No. 95-P-0041, 1995 Ohio App. LEXIS 5713, at 5-6. The burden is on the attorney to introduce evidence into the record demonstrating the reasonable value of the legal services performed. In re Estate of Haller
(1996), 116 Ohio App.3d 866, 870; Lindquist at 6. Furthermore, the determination of reasonable fees is committed to the sound discretion of the probate court and will not be overturned absent an abuse of that discretion. Lindquist at 6.
 {¶ 13} Appellees argue that the probate court's final distribution of the estate was appropriate because of Tod Wyant's poor management. Specifically, appellees submit that the decision "was fair even though appellant did not like the outcome as the court also had to protect the other heirs involved that were duped by [Tod Wyant's] misappropriations while being represented by appellant."
 {¶ 14} Sup.R. 71(E) provides that "[e]xcept for good cause shown, attorney fees shall not be allowed to attorneys representing fiduciaries who are delinquent in filing the accounts required by section 2109.30 of the Revised Code." Thus, appellees are correct that a probate court may equate the mismanagement of an estate by a fiduciary to the attorney and deny or limit attorney fees.
 {¶ 15} Here, the probate court may have had this rule in mind when it originally awarded appellant only $6,000 for his work after he had requested $16,317. Nevertheless, what the trial court did in its September 4, 2001 judgment entry is something entirely different. There, despite the fact that the probate court had already awarded appellant $6,000, the court determined that the equitable result would be to proportionally divide the money in the estate between appellant and the two remaining beneficiaries.
 {¶ 16} Although the probate court is certainly given broad discretion when determining reasonable fees, that discretion must be exercised in accordance with Sup.R. 71(E) and DR 2-106(B). Appellees have provided this court with no authority to justify such a disposition in the manner in which it was made. As we noted above, R.C. 2113.36 provides that attorney fees are included as an expense in the administration of an estate. They are to be paid from the residuary estate after all general and specific legacies have been distributed in accordance with the decedent's wishes, assuming there are sufficient funds to do so. In reEstate of Coleman (1988), 55 Ohio App.3d 261, 262-263. See, also, R.C.2117.25 (setting forth the order in which an executor is to pay the decedent's debts).[2]
 {¶ 17} With this in mind, we conclude that the probate abused its discretion when it failed to pay appellant the full amount the court had previously approved. There is nothing in the September 4, 2001 judgment entry to indicate that the probate court was reducing the award as a result of appellant's performance in this case. In fact, the probate court was very clear that the reason it reduced the award was to reach an equitable result.
 {¶ 18} Furthermore, we see no reason to allow a probate court to enter judgment against a former executor in favor of an attorney who assisted in the administration of the estate when there were sufficient funds to pay the full award. Simply stated, if after the distribution of all general and special legacies the residuary estate contains enough money to pay attorney fees, the attorney fees should be paid before dividing the residuary estate between the remaining beneficiaries.[3]
 {¶ 19} Appellees suggest that Scott Wyant was simply following the probate court's orders when he made the final distributions. Although this may be true, it does not change the fact that appellant was entitled to the full $6,000 if the funds were available because the executor was required to use the money remaining in the estate to pay the costs and expenses of administration, i.e., attorney fees, before distributing any leftover funds.
 {¶ 20} Based on the foregoing analysis, appellant's sole assignment of error has merit. The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., concur.
[1] Tod Wyant's appeal of the probate court's November 8, 2000 decision was voluntarily dismissed on July 13, 2001.
[2] A specific legacy is a gift of property that can be distinguished from the other property forming the testator's estate. In contrast, a general legacy is a gift of property that the testator intends to come from the general assets of the estate that are indistinguishable from each other. Black's Law Dictionary (7 Abridged Ed. 2000), 724.
[3] Other than his interest in the Geuaga Development Company, the decedent's will stated that his estate was to be divided equally between his three sons.