## RAICHLEY In re ESTATE OF

Ohio Appeals, 3rd Dist, Marion Co
Decided May 19, 1931

H. L. Young and J. M. Strelitz, for Executors.

L. S. Evans, Chillicothe, for Exceptors.

MAUCK, PJ, MIDDLETON and BLOSSER, JJ (4th Dist), sitting.

**MAUCK, PJ.**

In applying the equitable principle that attorneys may be compensated by a court of equity out of a fund which has been

acquired or protected by those attorneys some states have gone so far as to permit such charges against an estate where counsel have failed to sustain a will. In Ohio, however, the Supreme Court long ago took the view that when a will is adjudged invalid the expenses incurred in the unsuccessful effort to sustain it can not be charged against the estate. **Andrews' Executors v His Administrators, 7 Oh St 143.** At the same time, however, the court indicated, perhaps obiter, that such expenses could be charged against the estate in case the will had been successfully defended. This rule was followed in **Savings Bank v Smith, 4 C. C. (n.s.) 237,** and **In re Account of Ulman, 12 C. C. (n.s.) 340.** Following these the Supreme Court in **Trumpler v Royer, 95 Oh St, 194,** squarely held that such charges were proper under proper circumstances. It is claimed in this case, however, and was held by the Probate and the Court of Common Pleas, that the case at bar does not disclose such circumstances as justify the allowance in the accounts of the payments now in controversy. These claims are to the procedure under which the payments were allowed as well as to the payments themselves.

As to the first claim it is complained that neither the Probate Court nor the Masonic Temple Company were consulted about the amount of the fees at the time they were paid or before, and that the amount was fixed by the executors and paid by them without any authority either of the court or of the interested parties. One method of making such an allowance is disclosed in the Trumpler case. That involves a hearing inter partes upon notice, and is a proper method. But the other method, the one employed in this case of payment made by the executors upon their own responsibility and preserving their full liability for the consequences of their act and leaving its validity to be determined by the exceptions to their account, is an equally legal method of procedure. **McMahon v Anbach, 79 Oh St 103.**

As to the second claim, the undisputed testimony in this case is that the executors employed all of the counsel mentioned, and that they being aware that they had no power to bind the estate in case the will was not sustained an understanding was had with counsel that the executors would not be held for the payment of fees in case the will was not sustained. It is argued, however, that this action upon the part of the executors was an unwarranted intrusion into the contest proceeding because the Masonic Temple Company had already employed counsel, was making its own defense, and that there was no occasion for any activity on the part of the executors. The record shows nothing actively done by any member of the board of directors of the temple company except that the secretary of that board had a few conferences with Judge Mouser, and very many conferences with Mr. Eymon who was admittedly employed by the executors and never by the temple company. Outside of this the record shows nothing done by any member of the board of directors of the temple company except the adoption of a resolution by that board on March 10, 1927, to the following effect:

"That John H. Bartram and the firm of Crissinger, Guthery & Strelitz be and they are hereby employed as counsel and attorneys for the Marion Masonic Temple Company, and as such authorized, empowered and directed to take any and all such steps as they deem proper, to represent and defend the interests of said company; file any and all necessary pleadings, and do all things to be done in the cause instituted * * * and generally to look after, secure, protect, preserve and enforce the rights, title, interest and estate of this company in and to the estate and property of Burr Raichley, late of Marion County, Ohio, deceased, and that said attorneys be and they hereby are authorized to associate with themselves the firm of Mouser, Young & Mouser, as assistant counsel in all such proceedings."

This resolution, or the fact of its adoption, was never transmitted to the executors nor to the attorneys, and how far it was disclosed to the interested attorneys is not clear although it may be assumed that these attorneys or some of them knew of the terms of the resolution, for it was apparently by its authority that the litigation was settled in the court at Upper Sandusky. It will be observed that there was no attempt in this resolution to agree upon the compensation, and that the resolution in effect was a power of attorney conferring upon Mr. Bartram and the Guthery firm carte blanche in the litigation therein referred to.

Assuming that the attorneys were bound by their implied acceptance of the terms of this resolution they were by the same token authorized to join with the executors in making the defense, and fully authorized, among other things, to accept employment by the executors. There is not only nothing to indicate an abuse of the powers conferred

upon them by the resolution in so cooperating with the executors but there is much to show the wisdom of so doing. It is apparent from the condition that existed at that time that much of the burden of this defense rested upon the executors. They apparently knew more about the case than anyone else, and their full and lively cooperation was requisite to the successful defense of the case. The executors were consequently strictly within the line of their duty in employing counsel, and the attorneys properly exercised the powers conferred upon them by the resolution in accepting that employment, and as the payments made were entirely reasonable as determined by the undisputed testimony, the exceptions running to attorney fees should have been overruled. .

Mr. Eymon and Mr. Hall stand upon an entirely different footing, but if possible there is even more reason for overruling the exceptions as to them than to the other attorneys mentioned.

The other exceptions, sustained in the courts below, ran to the extra compensation paid by the executors to themselves. Again we have the question of procedure presented to us. It is argued that their claim for extra compensation should have been first presented to the Probate Court. That is one way, and a very proper way, but an equally valid and very usual way is for the executors to make payment to themselves, leaving the question open to be determined by exceptions to their account. The Probate Court allowed some extra compensation to the executors, as it was bound to do under the circumstances. It did not allow all that the executors claimed in this behalf, on the ground that the executors were entitled to nothing for the very great efforts made by them in defense of. the will in the litigation referred to. The evidence is that the extra compensation claimed by the executors was not in excess of the value of the services rendered by them in that behalf, nor did the Probate Court in its opinion find that the charges made were excessive. It only determined that they were entitled to the value of their services in that behalf and that the error below was not one of fact but one of law exclusively, it is now determined that the exceptions in that respect should have been overruled.

The judgment of the Probate Court in sustaining the exceptions, and that of the Common Pleas in affirming that judgment, are both reversed and this case is remanded to the Probate Court with instructions that all of the exceptions be overruled.

MIDDLETON and BLOSSER, JJ, concur.