**SCHMALSTIG et al. v. CONNER, Collector of Internal Revenue.**
**Civil No. 332.**

District Court, S. D. Ohio, W. D.
Aug. 21, 1942.

**532**

Murray Seasongood, Bert H. Long, and Harry Stickney, all of Cincinnati, Ohio (Paxton & Seasongood, of Cincinnati, Ohio, of counsel), for plaintiffs.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Carl J. Marold, Sp. Assts. to Atty. Gen., and Calvin Crawford, U. S. Atty., and Frederic W. Johnson, Asst. U. S. Atty., both of Cincinnati, Ohio, for defendant.

DRUFFEL, District Judge.

Plaintiffs bring their action against defendant seeking a refund of $34,817.42 with interest alleging that the same was erroneously and illegally assessed and collected by reason of the fact that the sum so paid was computed and paid on a net estate subject to tax without allowance of administration expenses of $118,012.67 for attorney fees, contrary to the provisions of Section 303 of the Revenue Act of 1926, Section 812 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev. Code § 812.

The cause was submitted on agreed stipulation of facts after argument. It appears that the last will and testament of Charles Schmalstig was admitted to probate and record in the Probate Court of Hamilton County, Ohio, on August 29, 1935. The will, after providing for certain bequests to charities and cash legacies aggregating $7,500, directed that the residue should pass to Julius M. Schmalstig and Charles F. Blum in trust for the life of the decedent's nieces and nephews and their children and grandchildren living at the decedent's death and for 21 years after the death of the last survivors of the persons named, subject to other qualifying and contingent clauses.

Subsequently Margaretha M. Rudolph, one of fourteen beneficiaries under the will, made demand of the executors of the estate to bring an action under the provisions of Ohio General Code, Section 10504-66, for construction of the will and for instructions seeking the direction and judgment of the Court as to whom distribution should be made, and the executors having failed to bring the action requested, Margaretha M. Rudolph brought an action in the Common Pleas Court of Hamilton County on behalf of herself and others interested in the estate to construe the will and have instructions as to the distribution thereof. In that action, Rudolph v. Schmalstig, 4 Ohio Supp. 58, the Common Pleas Court held the trust provisions of the decedent's will were invalid for the reason that the legal title of the trustees is an executory interest contingent upon the determination of an implied trust, which contingency being for an indefinite period of time may cause the legal title of the said trustees to vest too remotely in violation of the Rule of Perpetuities and ordered distribution of the residuary estate to the fourteen heirs.

From the decision of the Court of Common Pleas, plaintiffs, as executors and trustees, appealed. Thereafter, on motion of appellants, and with the concurrence of the other interested parties, the appeal was dismissed. An application was then filed in the Probate Court by Margaretha M. Rudolph and others asking the court for an order directing payment of compensation to their counsel, James A. McDonald and his associates, out of the estate of Charles Schmalstig, deceased, for valuable services rendered the estate in the action to construe the will and to determine the principles of law for the administration and settlement of the estate. Among other things, the application recited that the heirs at law of Charles Schmalstig, deceased, were desirous of discontinuing said proceedings on appeal; to have distribution made according to law as soon as expedient, and that after negotiations Julius M. Schmalstig and Charles F. Blum, as executors and as agents of all the heirs other than these applicants, agreed to pay to James A. McDonald for his services and others employed by him, 7½% of the residue of the estate of Charles Schmalstig less all debts, costs of administration, etc. The court upon consideration found the application well taken and authorized and directed the executors to pay to James A. McDonald and his associates fees amounting to $118,012.67, which was on the basis of 7½% of the residue of the estate.

In the computation of the estate tax defendant held this sum not to be deductible as an administration expense. So that the sole issue for determination here is whether or not the fee in question is an administration expense within the meaning of Section 303 (a) (1) of the Revenue Act of 1926 as amended by Section 805 of the Revenue Act of 1932 and Section 403 (a) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev. Acts, page 232. The pertinent parts of the section provide:

"For the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a citizen or resident of the United States, by deducting from the value of the gross estate—

"(1) Such amounts— * * *

"(B) for administration expenses * * * as are allowed by laws of the jurisdiction * * * under which the estate is being administered, * * *."

■ Thus Congress by this statute imposed only two restrictions: First, that the deductions fall within the class of administration expenses or claims against the estate; and, second, that they must be such as are allowable under the law of the jurisdiction under which the estate is being administered.

Defendant contends that the services were not rendered on behalf of the estate but in behalf of certain individual legatees and were not properly chargeable as administrative expenses under the laws of the State of Ohio, and in the alternative, if the fee was an administration expense, it was unreasonably high.

From the many authorities furnished by counsel, but a few need be noted. Counsel for defendant suggest that the only case upon which plaintiffs rely which even remotely approaches the facts of this case is Neff v. Neff, 13 Ohio Dec.Reprint 287, 2 Disn. 468. There it was held that attorneys' fees for both parties in a suit for construction of a will could be charged against the fund held by the court. Counsel then say it is doubtful whether this case is still the law in view of the decision of the Court of Appeals in Schreiner v. Cincinnati Altenheim, 63 Ohio App. 42, 25 N.E.2d 296, decided November 20, 1939, a case involving attorney fees in a will construction case. An examination of the opinion in the Schreiner case reveals the fact that the Neff case was not considered. On the other hand, in Fifth-Third Union Trust Co. v. Davis et al., 55 Ohio App. 377, page 387, 10 N.E.2d 4, 8, decided July 6, 1936, the same court which decided the Schreiner case had this to say: "The only Ohio case on the point is that of Neff v. Neff, 13 Ohio Dec.Reprint 287, 2 Disn. 468, by the superior court of Cincinnati, which always occupied a high position in the estimation of the legal profession. The case squarely holds that the court has jurisdiction to award compensation to defendant's counsel for services in an action to construe a will creating a trust. The authorities cited by the court sustain its conclusion."

From this it would appear that the law of the Neff case is still the law of the jurisdiction in which the Schmalstig estate is being administered, particularly in view of the fact that judgments of the Courts of Appeals shall be final in all cases (except in certain cases not involved here). Art. IV, Sec. 6, Ohio Constitution.

■ Thus it would seem that the Probate Court was obliged to consider the application for fees in the will construction case and had ample legal authority for making the allowance of the fee in issue here.

Article 30 of the Federal Estate Tax regulations reads in part as follows: "Effect of court decree.—The decision of a local court as to the amount of a claim or administration expense will ordinarily be accepted if the court passes upon the facts upon which deductibility depends. * * * It must appear that the court actually passed upon the merits of the case. This will be presumed in all cases of an active and genuine contest. * * *"

A careful examination of the entire record fails to disclose anything out of the ordinary. The record definitely shows that the court upon consideration found the application well taken following an agreement with the executors and all of the heirs, except one, who reserved his exception and gave notice of appeal. The fee was a substantial one as was the estate.

■ In the absence of effective evidence that the fees were unreasonably high, this court is without authority to interfere with the decision of the Probate Court. The fact that the heirs benefited by receiving the residuary estate instead of the income therefrom does not alter the case. The distribution merely followed the decision of a court of competent jurisdiction in an action provided by the statute law of Ohio. The further fact that the suit to construe the will, etc., was necessary is evidenced by the well considered opinion of the Common Pleas Court holding that the will violated the Ohio law against perpetuities.

■ In consideration of the foregoing this court has no alternative but to find as a matter of fact that the fee in question was an administration expense fixed and allowed by a court of competent jurisdiction and is properly deductible as such, and concludes that plaintiffs are entitled to recover in accordance with their complaint. Exceptions to defendant.