## DICKEY, Estate of, In re.

Ohio Appeals, Second District, Montgomery County.

No. 2071. Decided December 19, 1949.

Cowden, Pfarrer & Crew, Shaman, Winer & Shulman, Landis, Ferguson, Bieser & Greer, Dayton, for appellant.

Pickrel, Schaeffer & Ebeling, Dayton, for Executor of Estate of Arthur C. Dickey, deceased.

Harshman & Young, Dayton, for Gertrude Fisher Coiner.

Munger & Kennedy, Dayton, for The Dayton Foundation.

William M. Harrelson, Troy, for Riverside Cemetery and City of Troy.

### OPINION

By WISEMAN, J:

This is an appeal on questions of law from the judgment of the Probate Court of Montgomery County, Ohio, charging against the estate of the decedent the total expenses incident to the successful defense of a will contest suit.

The decedent, Arthur C. Dickey, left a will in which he left numerous specific and general legacies and a specific devise of real estate, and then left all the rest, residue and remainder of his property to the Third National Bank and Trust Company, Dayton, Ohio, in trust, the remainder of the corpus of the trust eventually to be paid over to the Miami Valley Hospital Society of Dayton, Ohio.

An action was brought to contest the will. The principal beneficiaries retained counsel in the will contest suit, but it is conceded that counsel for the executor, The Third National Bank and Trust Company, carried the burden in the defense of this action.

After the will was sustained an application was filed in the Probate Court of Montgomery County, Ohio, for the allowance of compensation to counsel representing the executor in the will contest suit and other expenses in defending the suit. The court allowed compensation to counsel for the executor and charged the amount allowed and other expenses incurred in the defense of said action against the general assets of said estate. The total amount so charged amounted to $35,274.77. Under the order of the Probate Court the payment of this charge would result in a reduction to that extent of the value of the residuary estate. The entire estate was appraised at $336,842.19. A substantial amount will remain in the residuary estate after the payment of the charge.

Several grounds of error have been assigned, all of which relate to the same question raised by appellant, to-wit: That the judgment of the Probate Court was erroneous in that it charged the total expense involved in the defense of the will against the estate as a part of the costs of administration without equitably apportioning said expense among the legatees and devisees under said will.

No question is raised relative to the amount fixed by the court as counsel fees for legal services rendered the executor in the will contest suit, or other expenses incident to the defense of this action. It is conceded that under the law of this state counsel fees may be allowed the executor in a successful defense of a will contest suit. See **Andrews' Ex'rs. v. His Adm'rs., 7 Oh St 143**; Union Savings Bank and Trust Company v. Smith, et al., 4 C. C. N. S. 237, affirmed without opinion by the Supreme Court in **74 Oh St 505**, 78 N. E. 1137; Weir v Weir, 7 C. C. N. S. 289; **In re Estate of Raichley, 10 Abs 298**; Vol. 18 O. Jur. P. 440, Sec. 344.

The sole question for determination is: Should the compensation allowed counsel for the executor in the successful defense of a will contest suit, and other expenses incident to the defense of said action, be charged against the general assets of said estate, or should such compensation and expenses be apportioned equitably among the several legatees and devisees? The question presented is not whether the Probate Court in the instant case was authorized to apportion such compensation and expenses equitably among the

legatees and devisees mentioned in the will of the decedent, but whether the court, under the law, was required to do so. We find no reported opinion in Ohio deciding this precise question.

It is conceded that the intention of the testator, if expressed in the will, would control. The trial court, in construing the will, found that it was the intention of the testator to impose the expense of administration, including all the expense incident to the defense of the will contest suit, on the residuary estate. We examine the will to determine the intention of the testator. In Item I he directs his executor

"**to make payments from my estate,** as soon as found practicable, **of all my just debts,** expenses of my last illness and burial, and of any and all estate and inheritance taxes which may be levied on my estate or which may be imposed on any devise or bequest made by me herein, **together with the** "**necessary expense of administering my estate.**" (Emphasis ours.)

In Item XI he creates the residuary estate, as follows:

"All the rest, residue and remainder of my property, real and personal, * * *, in trust * * *."

Two sections in the Probate Code bear notice. **Sec. 10504-76 GC,** provides:

"If, by making a specific devise or bequest, the testator has exempted a devisee or legatee from liability to contribute to the payment of debts, or if the will makes provision for the payment of debts, different than those prescribed in the next preceding section, the estate must be applied in conformity with the will."

The next preceding section (**§10504-75 GC**), provides that when real or personal property devised or bequeathed is taken from the devisee or legatee for the payment of a debt of the testator the other devisees and legatees must contribute their respective proportions of the loss to the person from whom it was taken so as to make the loss fall equally on all devisees and legatees according to the value of the property received by each of them. The effect of the contention of the appellant herein is to require an order apportioning the expense among the several beneficiaries as required under **§10504-75 GC** when it is necessary to effect a contribution

among the several beneficiaries. To do so would be to ignore the provisions of §10504-76 GC. Under the latter section a specific devisee or legatee is exempt from the liability to contribute to the payment of debts when there is a residuary estate out of which the debts may be paid.

In the case at bar the intention of the testator to exempt the specific legatees and devisees from the liability for payment of his debts and expense of administration is clearly shown in Item I of said will, wherein he provides that all his just debts and the necessary expense of administering his estate should be paid by the executor out of the estate. It has been held that the word "debts" as used in a will includes costs of administration. **Bane v. Wick, 14 Oh St 505, 514; Harbeson, Admx. v. Mellinger, et al., 2 Oh Ap 75, 78.**

We have examined the exhaustive and well-considered opinion of Probate Judge Love and are in accord with his reasoning and conclusions. In our opinion the trial court was correct in holding that it was the intention of the testator that all expenses incident to the administration of the estate, including expenses arising by reason of the will contest suit, should be paid out of the general assets of the estate and that the specific legatees and devisees should not bear any portion thereof.

The judgment of the trial court was based solely on the intention of the testator. We could very properly rest our affirmance on this theory of the case. However, since counsel for appellant contends that the will is not subject to the construction given and that the residuary legatee was entitled to an order equitably apportioning the expense incident to the defense of the will contest suit among all the beneficiaries, we are disposed to meet this question squarely.

The appellant concedes that the ordinary expenses of administration of the estate are properly chargeable against the general assets of the estate, the result being that the residuary legatee would bear the burden of such expenses; but appellant contends that compensation paid to counsel representing the executor in the successful defense of a will contest suit, and other expenses incident to the defense of said action, are in the nature of extraordinary expenses and that a distinction should be drawn between ordinary and extraordinary expenses in determining how such compensation and expenses should be charged.

In our opinion no such distinction can be made relative to the compensation allowed counsel for legal services. **Sec. 10509-193 GC** in part provides: "When an attorney has been employed in the administration of the estate, reasonable

attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration."

This is the only section in the Probate Code which controls the payment of compensation to an attorney who represents the fiduciary in the administration of the estate. No distinction is made in this section between ordinary and extraordinary services rendered by an attorney. This section was amended effective August 22, 1941 and prior to the amendment provided that when the attorney had been employed in the administration of the estate reasonable attorney fees paid by the executor or administrator "shall be included in such further allowance" to the executor or administrator. One purpose of the amendment was to eliminate the provision that the attorney fees should be allowed as a "further allowance" to the executor or administrator and, further, to provide that such fees, when allowed, should become "a part of the expense of administration." In the absence of a contrary intention expressed in the will the general rule is that all expenses of administration are chargeable against the estate and that when the estate is being administered under a will wherein specific or general legacies or specific devises are given and a residuary estate is created, the expense of administration falls on the residuary estate, exempting the specific legacies or devises. **Y. M. C. A. v. Davis, 106 Oh St 366,** 140 N. E. 114: Vol. 69 C. J., Page 1227, Sec. 2571; Page on Wills, Lifetime Edition, Vol. 4, P. 324, Sec. 1497. But the appellant here contends that an exception to the general rule should be made whereby compensation paid to counsel for the executor in successfully defending the will contest suit should be equitably apportioned among the several beneficiaries. The case of In re Account of Ullman, Executor, 12 C. C. N. S. 340 (1909) is cited in support of this contention. In that case the court, on page 344, held:

"In this particular case, however, the allowance to the executor generally out of the estate for money paid by him as attorney fees in the contest of this will results in placing the entire burden upon the residuary legatees * * *. Yet, notwithstanding that we do not think it equitable that the entire costs of this contest should be paid by them, but all the interested parties should have been compelled to contribute thereto in equitable proportions, and the executor ought to have intervened with a motion to that effect in the probate court, before distribution. True, the expense of at-

torneys in the settlement of an estate must be paid out of the residuary fund. It is only to the extraordinary expenses in the contest of a will that the devisees and legatees under the will should have been compelled to contribute, * * *."

On page 346 the court holds:

"**We are not unmindful of the fact that whatever is allowed comes out of the residuary fund,** and therefore we are not disposed to allow the full amount of these counsel fees, although, as we have heretofore stated, we are of the opinion that they were just and reasonable, and we think the executor ought to have credit for a larger sum than that given him by the common pleas court." (Emphasis ours.)

It is apparent that the statement of the court that counsel fees should be equitably apportioned among the beneficiaries was purely obiter dictum. This case was decided before the amendment of **§10509-193, GC.** Prior to the enactment of the Probate Code (effective date January 1, 1932) there was no statutory provision relative to the payment of attorney fees for legal services rendered in the administration of an estate.

We are not disposed to follow the obiter dictum made in the Ullman case. While we find no reported case in Ohio deciding this precise question, in other jurisdictions where the question has been squarely raised courts have charged the expenses incident to the successful defense of a will contest suit against the estate and have refused to apportion such expenses among all the beneficiaries. Powell v. Labry, 210 Ala. 248; Ex Parte Landrum, 69 S. C. 136; Baugh's Estate, 12 Pa. Dist. 303; In Re Chapin's Estate, 144 P. 2d (Wash.) 738.

In our opinion where the testator gives specific legacies and a specific devise and creates a residuary estate he does so with the knowledge that all expenses of administration and litigation which may arise in the settlement of his estate will be chargeable against the general assets of the estate as part of the administration costs. The value of the estate passing under the residuary clause may be enhanced or reduced in value, depending upon the expenses of administration. In the settlement of many estates, particularly large estates, questions arise which involve litigation in which only certain heirs or beneficiaries under the will are benefitted. Nevertheless, the rule that all expenses of administration are chargeable against the general assets of the estate is universally

accepted. To subject the different beneficiaries to the payment of the costs of administration on the basis of benefits received would be a departure from the established law on this subject. In Baugh's Estate and In Re Chapin's Estate, supra, the court rejected the theory of apportioning the expenses among the beneficiaries on the basis of benefits received. This theory was rejected also in McIntire v. McIntire, 192 U. S. 116, 48 L. Ed. 369, Justice Holmes writing the opinion.

Counsel for the appellant contends that the Probate Court should have exercised its equity powers in apportioning counsel fees among the beneficiaries under the will, and cites the last paragraph of §10501-53 GC, which provides:

"The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute."

The Probate Court does not have conferred upon it general equity powers under this section. This section gives the Probate Court, in matters within its jurisdiction, the authority to exercise equity powers in disposing of matters where there is no legal remedy or where the legal remedy is inadequate. Equity follows the law, and is not invoked to destroy or supplant a legal right. In our opinion the beneficiaries under the will of Arthur C. Dickey to whom were given a specific or general legacy, or a specific devise of real estate, had a legal right to receive such property exempt from the burden of the cost of administration, since there was a residuary estate out of which the costs of administration could be paid.

Judgment affirmed.

MILLER, PJ, and HORNBECK, J, concur.