**Mary Lee CADDEN, Executrix of the Estate of George A. Burnett, deceased, Plaintiff-Appellant,**

v.

**Russell A. WELCH, District Director of Internal Revenue, Defendant-Appellee.**

No. 14541.

United States Court of Appeals
Sixth Circuit.

Jan. 17, 1962.

Horace W. Baggott, Dayton, Ohio, for plaintiff-appellant, Waldo E. Young, Eaton, Ohio, Baggott & Johnston, Dayton, Ohio, on the brief.

Charles B. E. Freeman, Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Attys., Tax Div., Washington, D. C., Joseph P. Kinneary, U. S. Atty., Columbus, Ohio, H. Donald Hawkins, Asst. U. S. Atty., Dayton, Ohio, on the brief.

Before MILLER, Chief Judge, and WEICK and O'SULLIVAN, Circuit Judges.

O'SULLIVAN, Circuit Judge.

This appeal involves the disallowance, as a deduction for Federal Estate Tax purposes, of fees paid by an executrix to attorneys for their successful defense of a will contest. A resulting tax deficiency

of $3,421.00 was paid by the executrix and the instant suit was brought for its recovery. The District Judge dismissed the complaint.

Appellant, Mary Lee Cadden, was executrix and a general and the sole residuary legatee under the will of George A. Burnett, deceased. The estate exceeded $100,000.00. In addition to the general and residuary legacies of Mary Cadden, other general legacies provided in the will totalled $6,500.00. The will was contested in the Court of Common Pleas for Montgomery County, Ohio, by heirs at law of the deceased. Mary Lee Cadden, individually, and as executrix, together with the other legatees were named as defendants. Mary Lee Cadden, as executrix, undertook the defense of the will, and employed counsel for that purpose. Upon trial to a jury, the will was sustained.

Thereafter, and in the course of administration of the estate, an application was made to the Probate Court of Montgomery County, Ohio, by appellant executrix, for authority to pay her attorneys the sum of $2,500.00 for their ordinary services in settling the estate, and the sum of $15,000.00 for their services in successfully defending the will. On January 17, 1959, the Probate Court entered an order which, after reciting the facts concerning the will contest and the attorneys' services rendered therein, contained, inter alia, the following:

> "The Court finds the reasonable value of the services of counsel to the Executrix in successfully defending the Will contest suit to be $15,000.00.
> "The Court further finds that the reasonable value of the services of the attorneys for the Executrix in the settlement of the Estate to be worth the sum of $2,500.00.
>
> \*    \*    \*    \*    \*    \*
>
> "It is, therefore, ordered that the Executrix be, and she is hereby, authorized and ordered to pay to said attorneys, from funds in her hands, the total amount of $17,500.00 in full of all services in the settlement of

this Estate and the defense of the Will contest action and to charge the same *as an expense of administration* of this Estate."

All of the attorney fees were payable out of Mary Lee Cadden's residuary share of the estate and took nothing from benefits accruing to other legatees, even though their legacies were protected by her successful defense of the will. The District Judge dismissed the complaint upon his holding, as a matter of law, that the attorneys' fees for successfully defending the will were, under the agreed facts and under Ohio law, not properly allowable as an expense of administration. In his conclusions of law, the District Judge recognized the deductibility from a decedent's gross estate of such administration expenses, "as are allowable by the laws of the jurisdiction \* \* \* under which the estate is being administered." Title 26 U.S.C.A. § 2053 (a) (2) I.R.C.1954. He likewise held that "where a state court of competent jurisdiction has allowed a deduction from a decedent's estate as an expense of administration, this court is bound by the state court's decision." Schmalstig v. Conner, Collector of Internal Revenue, 46 F.Supp. 531 (1942); Treasury Regulations (1954 Code) § 20.2053.1.

He was of the opinion, however, that the Probate Court's allowance of the attorney fees in question did not accord with Ohio law. He relied upon three Ohio cases, Andrews' Executors v. Andrews' Administrators, 7 Ohio St. 143 (1857); Weir v. Weir, Executrix, 7 Ohio Cir.Ct.R.,N.S., 289, 18 Ohio Cir.Dec. 199 (1906); and In re Estate of Spidel, Ohio App., 110 N.E.2d 718 (1952). In Andrews the Supreme Court of Ohio held that, under the then statutes of Ohio, an executor was not bound to defend a contested will, but could leave it to the will's beneficiaries to do so; that if the executor chose to undertake such defense and the will was defeated, he could not charge his attorneys' fees against the estate. That is not the case before us. After observing that an executor could throw the burden of sustaining a contested will up-

on its legatees or devisees, the Ohio Court said (7 Ohio St. p. 152):

" * * * to hold the executor bound to maintain the contest, and, therefore, to allow him to charge its expenses against the estate in cases where the will is found to be invalid, results in the obvious and gross injustice of exonerating from the burdens of the contest those who alone had an interest in maintaining it, and who are adjudged to have been in the wrong, and casting the whole expense of a proceeding, alike against their rights and their interests, upon the innocent heirs at law."

We should note here, also, that now, under an Ohio statute, (R.C.Ohio § 2741.-04), such fees, fixed in amount by the judge presiding at a will contest, in which the purported will is defeated, may be charged against the estate.

In Weir (1906) the Probate Court had allowed an executor, whose legacy invited a will contest, to cast the burden of her attorney's fees upon the residuary legatees or heirs at law. The language of the Circuit Court of Hamilton County, reversing the Probate Judge, demonstrates its inapplicability to the case at bar—"Is there not an element of inequity in Elizabeth Weir defending her legacy and receiving the same in its entirety with the expense of this defense charged to the heirs at law or the residuary legatees under the will? * * * We are of the opinion that * * * this fee should be paid by Elizabeth Weir, individually, and out of her special legacy." We find nothing in that decision forbidding the Probate Court from allowing the appellant executrix in this case to charge the attorney fees against her own residuary legacy.

In Spidel (1952) the Court of Appeals for the Second District of Ohio reversed a Probate Court order on the appeal of attorneys for an executor who had successfully defended a will under which the executor was also a legatee. The Probate Court had allowed them fees in an amount which they claimed was inadequate, and their appeal involved claimed error in the Probate Court rulings on evidence. In the course of its opinion, the Court of Appeals took occasion to say: "It is said that, inasmuch as he (executor) was a legatee, there was a presumption that he acted in his own behalf. This is true but such presumption may be overcome by a fair consideration of all the evidence." The Court of Appeals, however, did not question and, in effect, sustained the propriety of the allowance by a Probate Court of fees to attorneys for successfully defending a will for an executor who was also a legatee thereunder. The District Judge, in the case at bar, stated that, "there are no facts to overcome the presumption that the executrix was acting in her own behalf when she employed counsel to defend the will." He likewise concluded that the Probate Court order allowing the fees, "was not the result of an adverse proceeding, but was in the nature of a consent decree."

Our review of the above authorities fails to convince us that they announce an Ohio rule of law that attorney fees, reasonable in amount, such as are involved here, may not be properly allowed as an expense of administration by a Probate Judge. The language of the Spidel case as to a presumption of self interest is inaptly applied here. It is true that appellant executrix had a selfish interest in sustaining the will, but such self interest was not adverse to, but was consistent with, the interests of all other beneficiaries of the will. The entire burden of the cost of the will contest was borne by her residuary share of the estate. The charge that the Probate Court's order was not the product of an adversary proceeding is without significance. On the hearing at which the challenged order was entered, no interests adverse to the executrix were in any way affected.

We are satisfied that under Ohio statutes and the decisions of its courts, it was permissible for the Probate Judge to have allowed as an expense of administration, the attorney fees involved. Un-

346

der Revised Code of Ohio, § 2113.36, captioned "Further Allowance: Counsel fees" a Probate Judge is authorized to allow "actual and necessary expenses and for *extraordinary* services not required of an executor or administrator in the common course of his duty. When an attorney has been employed * * * reasonable attorney fees paid by the executor * * * shall be allowed as a part of the expenses of administration." As to such attorney fees, the same section directs that on application of the executor, the Probate Judge "shall fix the amount thereof." Another Ohio statute (R.C. § 2101.24) grants the Probate Judge "Plenary power, at law and in equity, fully to dispose of any matters properly before the court, unless the power is expressly otherwise limited or denied." We have been cited to no case where an order, entered by a Probate Judge in the regular course of administration of an estate, allowing such fees as are here involved, has been set aside by an appellate court. Attorney fees paid by an executor of an estate to attorneys successfully defending a will have been allowed as an expense of administration. In re Estate of Jacoby, Ohio Prob., 155 N.E.2d 282 (1958); In re Estate of Dickey, 87 Ohio App. 255, 94 N.E.2d 223 (1941); In re Estate of Woods, 168 Ohio St. 148, 151 N.E.2d 560; In re Account of Ullman, 12 Ohio Cir.Ct.R., N.S., 340; State ex rel. Stephens v. Wiseman, Ohio App., 42 N.E.2d 240, 246 (Court of Appeals, Ohio); In re Spidel Estate, 110 N.E.2d 718 (Court of Appeals, Ohio). In Woods, Spidel and Wiseman, the executor was also a beneficiary under the will.

It is our conclusion that it was within the jurisdiction of the Probate Court to enter the challenged order; that such order was not contrary to Ohio law, nor did it violate any provision of the Internal Revenue Code. It was, therefore, controlling on the District Court. Schmalstig, et al v. Conner, 46 F.Supp. 531 (1942); Goodwin's Estate v. Commissioner, 201 F.2d 576 (CA 6, 1953). Aside from all that, we find nothing immoral, illogical, or judicially indiscreet in what the Probate Judge did. While the Federal Estate Tax is not an inheritance tax, its burden, in this case, fell upon the taker of the estate's residuum. The deduction therefrom of the allowed attorney fees merely relieved the estate, and, indirectly, the residuary legatee, from paying a tax on assets paid out by the estate and never distributed to such residuary legatee.

The judgment is reversed with direction to enter a judgment for plaintiff for the tax paid, with interest thereon.