The CENTRAL TRUST COMPANY OF CINCINNATI, OHIO, Executor of the Estate of Clara Katherine Nebel, Deceased, Plaintiff-Appellee,

v.

Russell A. WELCH, District Director of Internal Revenue, Cincinnati, Ohio, Defendant-Appellant.

No. 14685.

United States Court of Appeals Sixth Circuit.

July 16, 1962.

Charles B. E. Freeman, Department of Justice, Washington, D. C., John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Loring W. Post, Attorneys, Department of Justice, Washington, D. C., Joseph P. Kinneary, U. S. Atty., Richard H. Pennington, Asst. U. S. Atty., Cincinnati, Ohio, on brief, for defendant-appellant.

Robert P. Goldman, Cincinnati, Ohio, Harry Stickney, James D. Long, Cincinnati, Ohio, Oliver M. Dock, Cincinnati, Ohio, on brief; Paxton & Seasongood, Cincinnati, Ohio, of counsel, for plaintiff-appellee.

Before MILLER, Chief Judge, BOYD, District Judge, and STARR, Senior District Judge.

STARR, Senior District Judge.

This appeal by the defendant District Director of Internal Revenue from the judgment of the district court involves a question of Federal estate tax, and we

shall set forth briefly the factual situation out of which the action arose.

On May 31, 1951, Clara K. Nebel executed her will and also executed a separate trust agreement and did not in either instrument refer to the other. By her trust agreement she created a revocable inter vivos trust, naming the Central Trust Company of Cincinnati as trustee and placing substantially all of her property in the trust. As finally amended, the trust agreement provided that upon her death certain gifts were to be paid from the corpus of the trust and that the entire net income was to be paid to her daughter, Irma Krueger, during her lifetime. The trust agreement further provided that upon the death of Irma Krueger or, if she predeceased the grantor, then upon the death of the grantor, the income from the trust was to be used for the benefit of any surviving children of Irma Krueger; that the trust fund was to be distributed to the children when the youngest reached 21 years of age; and that if the daughter died without leaving a surviving child or issue of a deceased child, the corpus of the trust and the accumulated income were to be distributed to certain named charities.

In her will she gave the residue and remainder of her property, after payment of her debts and expenses of funeral and last illness, to her daughter, Irma Krueger, and in the event the daughter predeceased her, she gave the residue and remainder to certain named charities. She appointed the Central Trust Company of Cincinnati executor of her estate.

Clara Nebel died December 6, 1954, and the Trust Company thereafter acted as executor of her estate and also as trustee under the trust which she had created. After the mother's death the daughter, Irma Krueger, began a suit in the Court of Common Pleas of Hamilton county, Ohio, to set aside the trust agreement on the ground that her mother was feeble mentally and physically and did not have sufficient mental capacity to create the trust, and on the further ground that the trust agreement should be set aside because not properly witnessed or attested. The Trust Company as trustee and the several individuals and charities named in the trust were made parties defendant in the daughter's suit. The trustee employed counsel to defend the daughter's suit and to sustain the validity of the trust. The Court of Common Pleas held the trust valid, the Court of Appeals of Ohio affirmed, and the Supreme Court of Ohio denied a motion to certify the record.

The Trust Company as trustee paid from trust funds the following expenses, which it had incurred in defending the daughter's suit and establishing the validity of the trust agreement:

| | |
|---|---|
| Court costs and expenses . $ | 813.36 |
| Attorneys' fees ......... | 22,500.00 |
| Trustee's commission for extraordinary services . | 5,000.00 |
| Total ................. | $28,313.36 |

In her suit the daughter was represented by her own counsel and each of the named charities was represented by counsel, none of whom were paid out of the trust funds. The individual beneficiaries named in the trust agreement were not represented by counsel.

The Trust Company as executor of the decedent's estate filed a Federal estate-tax return with the appellant, the District Director of Internal Revenue, and paid the Federal estate tax as shown by the return. In its return, in determining the amount of the estate subject to tax, the executor claimed as a deduction from the gross estate the above-described amount of $28,313.36, which the trustee had paid out of trust funds for expenses incurred in the defense of the daughter's suit. The Commissioner of Internal Revenue disallowed this deduction and asserted an estate-tax deficiency in the amount of $7,880.98, which the executor paid, together with interest in the amount of $863.78. It filed a claim for refund of the additional estate tax and interest, which was disallowed. It then began the present action against the District Director to recover the deficiency assessment and interest, which it had paid.

The district court held that the expenses of $28,313.36 paid by the trustee from trust funds in connection with the defense of the daughter's suit were expenses incurred in the administration of property not subject to claims included in the decedent's gross estate and, under § 2053 of the Internal Revenue Code of 1954, 26 U.S.C. (I.R.C.1954), were deductible in determining the mother's taxable estate. The court accordingly entered judgment in favor of the appellee executor for the amount of the estate tax erroneously assessed and collected, together with interest thereon. The District Director appeals from that judgment.

The question presented on this appeal may be stated as follows: Where the corpus of the trust created by Clara K. Nebel was included in her gross estate as property not subject to claims, was the amount of $28,313.36, which the trustee paid from trust funds in connection with the defense of the daughter's suit involving the validity of the trust, deductible from the decedent's gross estate in determining her taxable estate under § 2053 of the Internal Revenue Code of 1954? Section 2053(a) and (b) provide:

"(a) General rule.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—

"(1) for funeral expenses,

"(2) for administration expenses,

"(3) for claims against the estate, and

"(4) for unpaid mortgages on, or any indebtedness in respect of, property where the value of the decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate,

as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.

"(b) Other administration expenses.—Subject to the limitations in paragraph (1) of subsection (c), there shall be deducted in determining the taxable estate amounts representing expenses incurred in administering property not subject to claims which is included in the gross estate to the same extent such amounts would be allowable as a deduction under subsection (a) if such property were subject to claims, and such amounts are paid before the expiration of the period of limitation for assessment provided in section 6501."

In determining the question presented on this appeal the court must also consider the Federal estate-tax regulations promulgated under the Internal Revenue Code of 1954 for the determination of the amount of a decedent's taxable estate. The pertinent provisions of these regulations are as follows (26 C.F.R. Part 20):

"§ 20.2053-1 Deductions for expenses, indebtedness, and taxes; in general.

"(a) General rule. In determining the taxable estate of a decedent who was a citizen or resident of the United States at the time of his death, there are allowed as deductions under section 2053(a) and (b) amounts falling within the following two categories (subject to the limitations contained in this section and in §§ 20.2053-2 through 20.2053-9):

"(1) First category. Amounts which are payable out of property subject to claims and which are allowable by the law of the jurisdiction, whether within or without the United States, under which the estate is being administered for—

"(ii) Administration expenses. * * * As used in this subparagraph, the phrase 'allowable by the law of the jurisdiction' means allowable by the law governing the administration of decedents' estates. The

phrase has no reference to amounts allowable as deductions under a law which imposes a State death tax. See further §§ 20.2053–2 through 20.2053–7.

"(2) *Second category.* Amounts representing expenses incurred in administering property which is included in the gross estate but which is not subject to claims and which—

"(i) Would be allowed as deductions in the first category if the property being administered were subject to claims; and

"(ii) Were paid before the expiration of the period of limitation for assessment provided in section 6501."

Section 20.2053–3 of the regulations provides in part:

"Deduction for expenses of administering estate.

"(a) *In general.* The amounts deductible from a decedent's gross estate as 'administration expenses' of the first category (see paragraphs (a) and (c) of § 20.2053–1) are limited to such expenses as are actually and necessarily incurred in the administration of the decedent's estate; that is, in the collection of assets, payment of debts, and distribution of property to the persons entitled to it. The expenses contemplated in the law are such only as attend the settlement of an estate and the transfer of the property of the estate to individual beneficiaries or to a trustee, whether the trustee is the executor or some other person. Expenditures not essential to the proper settlement of the estate, but incurred for the individual benefit of the heirs, legatees, or devisees, may not be taken as deductions. Administration expenses include (1) executor's commissions; (2) attorney's fees; and (3) miscellaneous expenses. Each of these classes is considered separately in paragraphs (b) through (d) of this section."

Section 20.2053–8 of the regulations provides in part:

"(a) Expenses incurred in administering property included in a decedent's gross estate but not subject to claims fall within the second category of deductions set forth in § 20.2053–1, and may be allowed as deductions if they—

"(1) Would be allowed as deductions in the first category if the property being administered were subject to claims; and

"(2) Were paid before the expiration of the period of limitation for assessment provided in section 6501. Usually, these expenses are incurred in connection with the administration of a trust established by a decedent during his lifetime. They may also be incurred in connection with the collection of other assets or the transfer or clearance of title to other property included in a decedent's gross estate for estate tax purposes but not included in his probate estate.

"(b) These expenses may be allowed as deductions only to the extent that they would be allowed as deductions under the first category if the property were subject to claims. See § 20.2053–3. The only expenses in administering property not subject to claims which are allowed as deductions are those occasioned by the decedent's death and incurred in settling the decedent's interest in the property or vesting good title to the property in the beneficiaries. Expenses not coming within the description in the preceding sentence but incurred on behalf of the transferees are not deductible.

"(c) The principles set forth in paragraphs (b), (c), and (d) of § 20.2053–3 (relating to the allowance of executor's commissions, attorney's fees, and miscellaneous administration expenses of the first category) are applied in determining the extent to which trustee's com-

missions, attorney's and accountant's fees, and miscellaneous administration expenses are allowed in connection with the administration of property not subject to claims."

By her trust agreement executed May 31, 1951, the grantor, Clara K. Nebel, conveyed to the Trust Company as trustee the property therein described, and the property in the hands of the trustee was included as property not subject to claims in the Federal estate-tax return filed by the Trust Company as executor. In its tax return, in computing the decedent's Federal estate tax, the executor deducted from her gross estate the sum of $28,-313.36, which the trustee had paid from trust funds in connection with the defense of the daughter's suit involving the validity of the trust agreement.

Section 2053(b) of the Internal Revenue Code hereinbefore quoted provides that in determining the taxable estate there shall be deducted amounts representing expenses incurred in administering property not subject to claims, which is included in the gross estate, to the same extent that such amounts would be allowable as a deduction under subsection (a) of § 2053. Subsection (a) provides that in determining the estate tax the value of the taxable estate shall be determined by deducting from the gross estate, amounts for. administration expenses allowable by the laws of the jurisdiction under which the decedent's estate is being administered.

Section 20.2053–1(a) of the estate-tax regulations provides in the *first category* of allowable deductions, that the administration expenses payable out of property subject to claims and allowable by the law of the jurisdiction in which the estate is being administered may be deducted from the gross estate of the decedent in determining the taxable estate. The *second category* of this section of the regulations provides that amounts representing expenses incurred in administering property included in the gross estate, but which is not subject to claims, shall be allowed as deductions as if the property being administered were subject to claims.

Section 20.2053–3(a) of the regulations provides that amounts deductible from a decedent's gross estate as administration expenses of the *first category* are limited to such expenses as are actually and necessarily incurred in the administration of the decedent's estate.

Section 20.2053–8 of the regulations provides that in administering property included in a decedent's gross estate but not subject to claims, the only expenses allowed as deductions are those occasioned by the decedent's death and incurred in settling the decedent's interest in the property or vesting good title to the property in the beneficiaries.

The legislative history of § 2053(a) and (b) of the Internal Revenue Code of 1954 clearly indicates that the Congress intended that expenses incurred in administering property not subject to claims included in the gross estate of a decedent, should be allowed as a deduction from the gross estate in determining the taxable estate. In the report of the Committee on Finance of the United States Senate to accompany House Resolution 8300, Internal Revenue Code of 1954, 83d Congress, 2d sess., Report No. 1622,[1] it is stated, page 474:

"In addition, subsection (b) allows as a deduction from the gross estate amounts representing expenses incurred in administering property not subject to claims included in the gross estate. All of the rules applicable to the expenses enumerated in subsection (a) of this section are equally applicable to the expenses described in subsection (b) except that a deduction for expenses incurred in administering property not subject to claims will be allowed if paid prior to the expiration of the period of limitations for assessment provided in section 6501. Such expenses include such items as principal commissions paid in respect of

1. 3 U.S.Code Cong. and Adm.News, 1954, 83d Cong.2d sess. p. 5118.

trust property included in the gross estate, and attorneys' fees incurred to contest the inclusion of the trust property in the decedent's gross estate."

■ It must be determined whether under § 20.2053-8 of the estate-tax regulations quoted above, the sum of $28,-313.36 paid by the trustee from trust funds in connection with the defense of the daughter's suit to set aside the trust agreement was for expenses occasioned by the mother's death and incurred in settling her estate's interest in the property in the trust. As the trust created by the mother, Clara K. Nebel, was revocable during her lifetime, the daughter, Irma Krueger, had only an expectancy interest in the property conveyed in trust and could not have successfully prosecuted an action to set aside the trust agreement during her mother's lifetime. After the mother's death the daughter began her suit to set aside the trust agreement, but she was unsuccessful, and the trust was held valid. If the daughter had succeeded in having the trust agreement set aside, the property in the trust would then have become a part of the mother's estate to be disposed of as provided in her will. Therefore, to determine what property was to be included in the mother's estate for administration by the Trust Company as executor, it was necessary for the trustee to appear and defend the suit instituted by the daughter to set aside the trust agreement. Furthermore, there was a duty upon the trustee to defend the daughter's suit in order to obtain a legal determination as to the validity of the trust and a determination as to whether the property in the trust was a part of the mother's estate to be administered under her will or whether it should be administered under the terms of the trust agreement. Toledo Trust Co., Trustee v. Farmer, 165 Ohio St. 378, 385, 135 N.E.

2d 356; Gearhart v. Richardson, 109 Ohio St. 418, 426, 142 N.E. 890; 2 Scott on Trusts, 2d ed., page 1314; 1 Restatement of the Law of Trusts, 2d ed., § 178, page 385. As there was a duty upon the trustee to defend the daughter's suit, the trustee was entitled to employ counsel and incur expenses necessary and incident to the litigation, and no question is raised by appellant as to the reasonableness of the expenses paid by the trustee in the aggregate amount of $28,-313.36. Under the law of Ohio such expenses were properly allowable as administration expenses in connection with the administration of the mother's estate. Cadden v. Welch, 6 Cir., 298 F.2d 343; Schmalstig v. Conner, D.C., 46 F.Supp. 531, 533; In re Estate of Dickey, 87 Ohio App. 255, 257, 94 N.E.2d 223. It is clear that the expenses incurred by the trustee in defending the daughter's suit begun after the mother's death were, under § 20.2053-8 of the estate-tax regulations, occasioned by the mother's death and were actually and necessarily incurred in connection with the administration of her estate.

We agree with the district court that under § 2053 of the Internal Revenue Code of 1954 and the Federal estate-tax regulations thereunder, the expenses of $28,313.36 paid by the trustee were expenses properly incurred in the administration of property not subject to claims included in the gross estate of Clara K. Nebel, and that such amount was deductible from her gross estate in determining her net estate subject to the Federal estate tax. Therefore, the plaintiff-appellee Trust Company as executor of the decedent's estate is entitled to recover from the defendant-appellant Federal estate taxes and interest thereon as determined by the district court.

For the reasons herein stated we accordingly affirm the judgment of the district court.