While I concur in the judgment rendered in this case, I am writing separately to analyze the issues raised in the second clause of the first assignment of error, to wit: "*** the trial court further erred when it granted the residuary beneficiaries both the proceeds from the sale of the property in question and the proceeds from the prior malpractice settlement, which represented the five-sixths interest in the real estate not rightly transferred."
As indicated in the opinion, Donald attempted to specifically devise the Maineville property to his niece. At the time of his death, he owned only a one-sixth interest in the subject realty as a result of errors made by the attorney in the administration of his parents' estates. Donald's siblings intended to transfer the entire interest to Donald and that is what he thought they did. However, at the time Donald's estate was administered, the errors of the attorney with respect to Donald's parents' estates were discovered and a malpractice claim was made against the attorney, resulting in a settlement of the claim for $116,667. The claim was asserted by the executor of Donald's estate.
We have to identify the nature of the property involved in this case to understand how to deal with the issues. The property specifically devised by Donald in this case was the subject realty; the only interest in the Maineville property Donald actually inherited from his parents was a one-sixth interest in the realty. The attempted transfer of the remaining five-sixths interest from his siblings had failed. The settlement of the malpractice claim which arose as a result of that failure produced personal property, to wit: money damages; Donald's will provided for personal property to pass under the residuary clause.
Had Donald known that the legal errors made left him with only a one-sixth interest in the realty to pass to his niece, he could have changed his will to provide that she receive the malpractice settlement money. But whether he would have done so or not had he survived the discovery of the errors is speculative.
Donald, being the holder of the first estate of inheritance,[1] is the person who was damaged by the failure to convey the entire interest in the subject realty to him. He is the one, or his estate, who had the right to collect damages for the malpractice. Donald's niece's claim to the subject realty, in turn, was contingent upon Donald having title to the realty at his death. As it turned out, he owned only a one-sixth interest, and that passed to his niece under his will. Because Donald's estate was able to obtain money damages due to the malpractice in an amount that appears adequate, no right to equitable relief arises. That is because equity does not apply when there is an adequate remedy at law.[2]
We cannot ignore the fact that Donald's will intervened in deciding the distribution of Donald's property. The personalty went under the residuary clause. The realty, to the extent Donald owned it, went under specific devise. Donald is the one, had he survived the disclosure of the malpractice, who would have received the settlement proceeds. When he died, his executor stepped into his place and the will told the executor/court how the property was to be distributed.
For these separate reasons, I agree the first assignment of error, second clause, should be overruled.
[1] Bennett v. Fleming (1922), 105 Ohio St. 352.
[2] In re Estate of Dickey (1949), 87 Ohio App. 255, 264.