[Cite as *In re Estate of Hathaway*, 2014-Ohio-1065.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re the Estate of | : | |
| Ilobelle Hathaway, | | No. 13AP-152 |
| | : | (Prob. No. 542384) |
| [Executor, Richard B. Igo, | | |
| | : | (REGULAR CALENDAR) |
| Appellant]. | | |
| | : | |

---

D E C I S I O N

Rendered on March 20, 2014

---

*Isaac, Brant, Ledman & Teetor, LLP*, and *Joanne S. Peters*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas,
Probate Division

KLATT, J.

{¶ 1}  Appellant, Richard B. Igo, appeals a judgment of the Franklin County Court of Common Pleas, Probate Division, that denied his application for attorney fees and legal costs.  For the following reasons, we affirm.

{¶ 2}  Ilobelle K. Hathaway died on July 8, 2010.  Hathaway's niece, Pamela Jean Stephens, offered Hathaway's will for probate and requested appointment as administrator with the will annexed.[1]  Soon thereafter, Igo filed an application for appointment as executor of Hathaway's estate.  Igo, who was Hathaway's attorney prior to her death, drafted Hathaway's will.  The will nominated Igo as executor.  After a hearing on the competing applications, the probate court found Igo suitable and named him executor.

{¶ 3} Igo determined what assets Hathaway owned as of her death, took possession of those assets, and distributed the majority of them in accordance with

---

[1] Under certain circumstances, instead of appointing the executor named in a will, a probate court may appoint an "administrator with the will annexed" to administer a testator's estate.  R.C. 2113.05.

Hathaway's will.  On June 23, 2011, Igo filed with the probate court a partial account, which listed the assets received into the estate and the amounts disbursed from the estate. Simultaneously, Igo applied for a court order awarding him $34,839.14 in executor fees and $5,750 in attorney fees.[2]

{¶ 4}  At the hearing on Igo's fee application, Stephens argued that the probate court should deny Igo his executor's fee because he had failed to faithfully discharge his duties as executor.  Stephens also contended that the amount sought in fees was not reasonable.  The trial court rejected Stephens' arguments and granted Igo the fees requested.

{¶ 5}  On April 24, 2012, Igo filed a second application for fees.  In this application, Igo requested that the probate court award him $12,055 in attorney fees and $1,716.43 in costs to reimburse him for the amount he expended to secure his executor and attorney fees.  Stephens contested the application, primarily arguing that Igo incurred the fees and costs at issue for his own personal benefit, not for the benefit of the estate. Stephens asserted that the estate should not have to bear the burden of paying for Igo's personal expenses.

{¶ 6}  In response, Igo contended that, as a matter of law, an estate is benefited anytime a fiduciary successfully defends a challenge to his or her administration of the estate.  Igo maintained that he deserved his attorney fees because he prevailed in the dispute over the payment of his fees for serving as executor and providing the estate with legal services.

{¶ 7}  After a hearing, the magistrate issued a decision finding that "[t]he fees were incurred for the sole benefit of Mr. Igo individually."  The magistrate, therefore, denied Igo's April 24, 2012 application for fees.  Igo objected to the magistrate's decision.

---

[2] R.C. 2113.35 entitles executors and administrators to a percentage of the estate as compensation for their services.  A probate court may deny or reduce that compensation if it determines that the executor or administrator has not "faithfully discharged" his or her duties.  R.C. 2113.35(D).

When an individual acts as both executor and attorney for an estate, a probate court may award that individual attorney fees for the reasonable value of his legal services.  *In re Estate of Duffy*, 148 Ohio App.3d 574, 2002-Ohio-3844, ¶ 7 (11th Dist.).  In order to receive those fees, the attorney executor must demonstrate that he provided the services at issue in his capacity as attorney rather than executor and that the fees are reasonable under Prof.Cond.R. 1.5.  *Duffy* at ¶ 18; *accord* Loc.R. 71.2 of the Franklin County Court of Common Pleas, Probate Division ("In all matters where an attorney is the fiduciary of the estate, guardianship, or trust, and that attorney or another is the attorney of record, detailed records shall be maintained describing time and services as fiduciary and as attorney, which record shall, upon request, be submitted to the Court for review.  Prof. Cond. Rule 1.5 shall govern the reasonable of all fees.").

In a judgment dated January 25, 2013, the trial court overruled Igo's objections and adopted the magistrate's decision.

{¶ 8}   Igo now appeals the January 25, 2013 judgment, and he assigns the following error:

> The probate court erred in holding that attorney fees incurred by the executor and attorney for the Ilobelle K. Hathaway Estate, Richard B. Igo, were not properly payable from estate assets when the fees were incurred solely in a successful pursuit, against the opposition of an estate beneficiary, of his right to his fiduciary and attorney fees.

{¶ 9}   Pursuant to R.C. 2113.36, "[i]f an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration."   In order to recover attorney fees under R.C. 2113.36, an executor or administrator must submit sufficient evidence of the legal services performed and the reasonable value of such services.   *In re Estate of Verbeck*, 173 Ohio St. 557, 559 (1962).   The executor or administrator must also establish that the legal services rendered benefited the estate, not the executor personally.   *In re Estate of Born*, 10th Dist. No. 06AP-1119, 2007-Ohio-5006, ¶ 17; *In re Estate of Murray*, 11th Dist. No. 2004-T-0030, 2005-Ohio-1892, ¶ 34; *In re Estate of Coleman*, 55 Ohio App.3d 261, 262 (6th Dist.1988); *accord In re Estate of Bretschneider*, 11th Dist. No. 2005-G-2620, 2006-Ohio-1013, ¶ 24 ("[P]arties who participate in litigation not directed toward the general benefit of the estate will not be awarded attorney fees."); *In re Estate of Endslow*, 5th Dist. No. 99 CA 36 (Apr. 14, 2000) ("Where an attorney acts * * * solely for the benefit of the executor, a probate court may require the attorney to seek payment from the executor's personal assets since the services rendered by the attorney only benefitted [sic] the executor of the estate.").

{¶ 10}   Here, the probate court determined that the legal services at issue benefited Igo alone.   We will only reverse that finding if it constitutes an abuse of discretion.   *In re Estate of Derickson*, 12th Dist. No. CA2010-11-111, 2011-Ohio-3639, ¶ 24; *Bretschneider* at ¶ 15.

{¶ 11}   Igo argues that the estate benefited from the expenditure of the attorney fees at issue because the fees paid for the successful defense of his administration of the estate.   In support of this argument, Igo cites precedent such as *Goff v. Key Trust Co.*, 8th

Dist. No. 71636 (Dec. 18, 1997). There, the executors sought attorney fees from an estate for defending against, and ultimately defeating, a beneficiary's claim that they had breached their fiduciary duty in handling the estate. The probate court found that the estate benefited from the executors' defense and awarded them their attorney fees under R.C. 2113.36. The beneficiary appealed that ruling. In affirming, the Eighth District Court of Appeals held:

> [I]t was not an abuse of discretion for the probate court to find that the estate benefitted [sic] from the actions of [the executors'] successful defense of the lawsuit [the beneficiary] brought. * * * The successful defense of the lawsuit [ ] allowed the executors to continue in their administration. When executors are not found guilty of wrongdoing, honoring the decedent's choice of executors is properly deemed a benefit to the estate. Answering allegations of a breach of fiduciary duty, moreover, is part of the administration of an estate.

*Id. See also Natl. City Bank, N.E. v. Beyer*, 6th Dist. No. H-01-023 (Dec. 31, 2001) ("[S]ince [the fiduciary] successfully defended its actions in administering the trust [in a declaratory judgment action], there is a benefit to the estate."); *In re Estate of Cain*, 10th Dist. No. 95APF01-105 (Oct. 5, 1995) (successfully defending the administration of an estate on appeal conveyed a benefit to the estate).

{¶ 12} None of Igo's R.C. 2113.36 precedent addresses a true "fees for fees" situation, i.e., a situation wherein the fiduciary seeks payment for attorney fees incurred in securing his fees from the probate court. In such situations, a fiduciary is not requesting attorney fees for the cost of defending the administration of the estate. Rather, the fiduciary wants reimbursement for attorney fees expended to carry his burden to establish entitlement to the underlying fees. In the underlying fees proceeding, the fiduciary may find himself asserting—and prevailing on—the same arguments he might assert to defend a collateral or appellate attack on the administration of the estate. Prevailing at a fees proceeding, however, does not preserve the testator's choice of executor or advance the testator's desires regarding the administration of the estate. A successful fees proceeding solely results in the attainment of payment from the estate. Thus, the funds expended to reach that goal are spent to benefit the fiduciary, not the estate. *In re Estate of Larson*, 103 Wash.2d 517, 533 (1985) (holding that attorney fees incurred in proving reasonable attorney fees for services provided to assist in the

administration of an estate "served only [the attorneys'] interests and in no way worked to the benefit of the estate"); *In re Sloan Estate*, 212 Mich.App. 357, 363 (1995) (holding that attorney fees for services rendered to establish a fiduciary fee "clearly do not benefit the estate because they do not increase or preserve the estate's assets"); *In re Estate of Halas*, 159 Ill.App.3d 818, 833 (1987) ("Time spent preparing or litigating the fee petition does not benefit the estate and will not be allowed.").

{¶ 13} We, therefore, conclude that the probate court did not abuse its discretion in finding that the legal services provided to Igo to recover his executor and attorney fees benefited Igo alone. Consequently, R.C. 2113.36 does not entitle Igo to reimbursement of his attorney fees from the estate.

{¶ 14} Igo also argues that, if R.C. 2113.36 does not permit the payment of the requested fees, Hathaway's will provides the necessary authority to allow the probate court to reimburse him for the fees. In support of this proposition, Igo relies on *In re Dickey's Estate*, 87 Ohio App. 255 (2d Dist.1949). That case, however, does not hold what Igo says it does. The question addressed in *Dickey's Estate* was whether attorney fees expended in a will contest must be paid out of the general assets of the estate or apportioned equitably among the legatees and devisees. *Id.* at 258. In deciding that question, the court of appeals determined that the attorney fees were expenses of estate administration, and thus, like other expenses of administration, were payable from the estate's general assets. *Id.* at 260-62. The court of appeals did not suggest, much less hold, that a will, as opposed to statute, provides authority for an award of attorney fees expended by an executor.

{¶ 15} For the foregoing reasons, we overrule Igo's sole assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas, Probate Division.

*Judgment affirmed.*

BROWN and T. BRYANT, JJ., concur.

T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under authority of Ohio Constitution, Article IV, Section 6(C).

_____