WEEKS, EXR., *v.* VANDEVEER, APPELLEE; CENTRAL NATIONAL BANK OF CLEVELAND ET AL., TRUSTEES, APPELLANTS.

(No. 40713—Decided January 10, 1968.)

16

*Messrs. Thompson, Hine & Flory, Mr. Robert F. Maskey* and *Mr. Joseph S. Ruggie, Jr.*, for appellees.

*Messrs. Walter, Haverfield, Buescher & Chockley, Mr. D. Rusk Haverfield, Mr. F. Wilson Chockley, Jr., Mr. J. Robert Malloy* and *Mr. Jack B. Streepy*, for appellants.

MATTHIAS, J. This case presents the ultimate question whether a surviving spouse who elects to take against the will of a deceased spouse may nevertheless claim the benefit of a tax clause contained therein.

In the case of *Campbell* v. *Lloyd*, 162 Ohio St. 203, this court was confronted with the question as to whether a surviving spouse who elects to take against the will of a deceased spouse is entitled to have her statutory share under the Ohio statute of descent and distribution calculated as a percentage of the decedent's estate before federal estate taxes were levied, or after. That question was resolved against the widow. The syllabus of that case provides, in pertinent part:

"Where a widow elects under Section 10504-55, General Code [Section 2107.39, Revised Code], to take under the statute of descent and distribution * * * the amount of the federal estate tax on the decedent's estate should be deducted therefrom before computing the widow's share thereof."

There was no provision in the decedent's will in the *Campbell case* providing for the payment of estate or inheritance taxes. Therefore, this court did not decide whether a provision in the will directing payment of those taxes out of a portion of the estate bequeathed to someone other than the widow would require a different result. Now we are being called upon to make that determination.

The language of Item Seven of the will of Welzie W. Vandeveer is unequivocal, unambiguous and quite comprehensive. The wording of that provision is as follows:

"Out of the principal of my estate remaining after satisfaction of the foregoing Items thereof, my executor next shall pay all estate, inheritance and other taxes of a similar nature (including any interest and penalties thereon) that may be assessed or imposed by reason of my death under any domestic or foreign laws with respect to any and all property taxable under such laws, whether or not such property passes under this will and regardless of whether such taxes are payable by my executor or by any other per-

son. No person shall be required to reimburse or contribute to my estate for any part of any such payment."

It is clear that the widow literally qualifies for the benefits of Item Seven if the language contained therein is given its natural and normal meaning.

Appellants, however, contend that it was not the intention of the testator to confer the benefit of Item Seven upon the widow should she choose to take against the will. The true purpose of the clause, they say, is to provide for the payment of taxes upon nonprobate assets such as joint and survivorship property, insurance proceeds, etc., which property is taxable for federal estate tax purposes although it does not pass under the will. If such, indeed, is the purpose of the clause the language does not limit it to that effect:

"* * * my executor * * * shall pay all estate, inheritance and other taxes of a similar nature * * * that may be assessed or imposed by reason of my death * * * with respect to any and all property taxable * * * whether or not such property passes under this will and regardless of whether such taxes are payable by my executor or by any other person." (Emphasis supplied.)

But if the testator lacks the power to benefit his surviving spouse who elects to take against the will by the manner in which he chooses to provide for the payment of estate and inheritance taxes, then the question of whether by particular language he intended to do so becomes academic. Since this court is of the opinion that under the law of Ohio a testator does lack that capability, a determination of the decedent's intent in this case is unnecessary.

Section 2107.39, Revised Code, provides, in pertinent part:

"After the probate of a will * * * the Probate Court * * * shall issue a citation to the surviving spouse * * * to elect to take under the will or under Section 2105.06 of the Revised Code. If such spouse elects to take under such section, such spouse shall take not to exceed one half of the net estate * * *." (Emphasis supplied.)

Section 2105.06, Revised Code, provides, in pertinent part:

"When a person dies intestate having title or right to any personal property or to any real estate or inheritance in this state, such personal property shall be distributed and such real estate or inheritance shall descend and pass in parcenary, except as otherwise provided by law, in the following course:

"* * *

"(C) If there is a spouse and more than one child or their lineal descendants surviving, one third to the spouse and the remainder to the children equally, or to the lineal descendants of any deceased child, per stirpes * * *."

This court has already determined that the "net estate" is that portion of the estate remaining after satisfaction of all the indebtedness of the decedent and the obligations against the estate, including the federal estate tax. *Campbell* v. *Lloyd, supra* (162 Ohio St. 203). Furthermore, this court agreed with the Court of Appeals in the *Campbell case* that: "the words 'net estate' as used in Section 10504-55, General Code [Section 2107.39, Revised Code], describe the same property as do those words of Section 10503-4, General Code [Section 2105.06, Revised Code], which describe the property to be distributed and to descend and pass pursuant to the provisions of the latter statute." (See pages 205-6 in the opinion.) The value of the succession, after deduction of the federal estate taxes and other expenses of administration, is the value for Ohio inheritance tax purposes. *Tax Commission, ex rel. Price,* v. *Lamprecht,* 107 Ohio St. 535.

The specific question now before this court is whether the presence of the tax clause in Welzie W. Vandeveer's will may *beneficially* affect the widow's intestate share by relieving it of the federal estate and Ohio inheritance tax burdens. However, it is not difficult to envision a particular tax clause in a different will *detrimentally* affecting the widow's intestate share by saddling it with some or all of the burden of those taxes. Certainly the General As-

sembly of Ohio intended to provide a uniform rule for computing the statutory share of a surviving spouse who chooses (or is forced) to accept an intestate share. The better rule is to place all who elect to take against the will on equal footing under the statutes. Thus, the presence or absence of a tax provision in the will of a testator cannot be permitted to alter the statutory share of a surviving spouse electing to take against the will.

Other jurisdictions which have been confronted with this problem have arrived at the same conclusion. See, for instance, *Old Colony Trust Co.* v. *McGowan*, 156 Me. 138, 163 A. 2d 538; *Wachovia Bank & Trust Co.* v. *Green*, 236 N. C. 654, 73 S. E. 2d 879; *Merchants National Bank and Trust Co. of Indianapolis* v. *United States*, 246 F. 2d 410, certiorari denied, 355 U. S. 881, rehearing denied, 355 U. S. 920; *Uihlein* v. *Uihlein*, 264 Wis. 362, 59 N. W. 2d 641.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.