WINKELFOOS ET AL., APPELLANTS, *v.* MANN ET AL., APPELLEES.

(No. H-83-23—Decided May 18, 1984.)

*Mr. Robert F. Thornton,* for appellants.

*Mr. Richard B. Hauser,* for appellees.

WILEY, J. This matter is before the court on an appeal from summary judgment of the Huron County Common Pleas Court, Probate Division. The factual issues are not in dispute.[1]

Ralph V. Mann, the decedent herein, died testate on February 19, 1981. His will provided, *inter alia,* that his surviving spouse, Florence R. Mann, appellee herein, would receive twenty-five per-

cent (a one-fourth share) of his residuary estate. Surviving the testator, other than his spouse, are these three emancipated children. Each of the children is the natural child of both the testator and his surviving spouse.

Appellee-spouse, pursuant to R.C. 2107.39, elected to take against her late husband's will. On September 23, 1983, the co-executors of testator's will, Charles J. Mann and Carol A. Winkelfoos, filed a declaratory judgment action in the probate court, asking that court to determine appellee-surviving spouse's rights under R.C. 2107.39 and 2105.06. Named as defendants in this declaratory judgment action were testator's surviving spouse, Florence R. Mann, and testator's surviving children, Lucille M. Jones, Carol A. Winkelfoos, and Charles J. Mann.

The probate court entered judgment on October 25, 1983, which judgment relevantly states:

"The question raised by this complaint for declaratory judgment is what deductions should be made from the gross estate of the decedent in determining the net estate from which a surviving spouse may elect to take a fractional share where the surviving spouse elects to take against the will of the decedent. In particular, this case questions whether the $30,000.00 provided for the surviving spouse by O.R.C. 2105.06(B) [*sic*] is a deduction from the gross estate for this purpose.

"This Court agrees with and adopts and extends the rationale of *In re Green,* 63 O[.]Misc[.] 44 [*sic*] [17 O.O.3d 388], and finds that the automobile provided under O.R.C. 2113.532, and the $5,000.00 statutory allowance provided under O.R.C. 2117.20, unless barred by the will, should be deducted from the gross estate in computing a surviving spouse's interest under 2105.06. Further this Court finds that if the surviving spouse did not receive the $30,000.00 provided to her by O.R.C. 2105.06(B)

---

[1] Pursuant to App. R. 9(D), the parties have submitted an agreed statement of facts as the record on appeal in the instant case.

[*sic*] as a deduction from the gross estate, the surviving spouse would be in a lesser position than if the decedent had died intestate, and that the effect would constitute a partial disinheritance of a surviving spouse. This Court finds that the legislative intent of O.R.C. 2107.39 is that this statute be liberally construed against allowing the writing of a will to fully or partially disinherit a surviving spouse. It is therefore found that the $30,000.00 provided to the surviving spouse by O.R.C. 2105.06(B) [*sic*] be deducted from the gross estate before determining the net estate, and the surviving spouse's fractional share thereof, under the provision[s] of O.R.C. 2105.06 and 2107.39.

"Therefore this Court hereby enters a declaratory judgment that the surviving spouse in this case is entitled pursuant to O.R.C. 2105.06 and 2107.39, to distribution of $30,000.00 and a one-third (⅓) fractional share of the estate remaining thereafter."

It is this judgment from which appellants-co-executors now appeal, presenting as their sole assignment of error:

"The Court erred in adjudging that a surviving spouse, pursuant to an election to take against the will of the deceased spouse, is entitled to $30,000.00 and one-third of the net estate."

This assignment of error raises two questions regarding the probate court's judgment which our research indicates have not yet been definitively answered: first, when a surviving spouse elects to take against the deceased spouse's will, does the electing spouse receive the share of the deceased spouse's estate which said surviving spouse would have otherwise received if the decedent had died intestate; and second, is the first $30,000, which a surviving spouse receives pursuant to the statute of descent and distribution, R.C. 2105.06, a charge against and deduction from the gross estate similar to a surviving spouse's statutory allowance pursuant to R.C. 2117.20?

Prior to 1976, the statute of descent and distribution, R.C. 2105.06, relevantly provided that when a person died intestate having title to any personal or real property, and was survived by a spouse and more than one child or their lineal descendants, said property was to descend as follows:

"(C) If there is a spouse and more than one child or their lineal descendants surviving, *one third to the spouse* and the remainder to the children equally, or to the lineal descendants of any deceased child, per stirpes."[2] (Emphasis added.)

Similarly, R.C. 2107.39, which is the statute concerning the right of a spouse

---

[2] The entire text of R.C. 2105.06, as it read in 1975 (128 Ohio Laws 155), is as follows:

"When a person dies intestate having title or right to any personal property or to any real estate or inheritance in this state, such personal property shall be distributed and such real estate or inheritance shall descend and pass in parcenary, except as otherwise provided by law in the following course:

"(A) If there is no surviving spouse, to the children of such intestate or their lineal descendants, per stirpes;

"(B) If there is a spouse and one child or its lineal descendants surviving, one half to the spouse and one half to such child or its lineal descendants, per stirpes;

"(C) If there is a spouse and more than one child or their lineal descendants surviving, one third to the spouse and the remainder to the children equally, or to the lineal descendants of any deceased child, per stirpes;

"(D) If there are no children or their lineal descendants, three fourths to the surviving spouse and one fourth to the parents of the intestate equally, or to the surviving parent; if there are no parents, then the whole to the surviving spouse;

"(E) If there is no spouse and no children or their lineal descendants, to the

to elect to take against the deceased spouse's will, materially stated that the probate court was to issue a citation to the surviving spouse whereby the surviving spouse was "* * * to elect whether to take under the will or under section 2105.06 of the Revised Code. *If such spouse elects to take under such section, such spouse shall take not to exceed one half of the net estate * * *.*"[3] (Emphasis added.)

Effective January 1, 1976, however, both R.C. 2105.06 and 2107.39 underwent significant substantive changes.

Under the amended R.C. 2105.06, where there exists a surviving spouse and more than one child or their lineal descendants of an intestate decedent, and where the surviving spouse is the natural or adoptive parent of one or more of the decedent's children, the surviving spouse is to receive *"the first thirty thousand dollars * * * plus one-third of the balance of the intestate estate. * * *."* (Emphasis added.) The remainder of the decedent's intestate estate is to be shared equally among decedent's children or amongst their

parents of such intestate equally, or to the surviving parent;

"(F) If there is no spouse, no children or their lineal descendants, and no parent surviving, to the brothers and sisters, whether of the whole or of the half blood of the intestate, or their lineal descendants, per stirpes;

"(G) If there are no brothers or sisters or their lineal descendants, one half to the paternal grandparents of the intestate equally, or to the survivor of them, and one half to the maternal grandparents of the intestate equally, or to the survivor of them;

"(H) If there is no paternal grandparents or no maternal grandparent, one half to the lineal descendants of such deceased grandparents, per stirpes; if there are no such lineal descendants, then to the surviving grandparents or their lineal descendants per stirpes; if there are no surviving grandparents or their lineal descendants, then to the next of kin of the intestate, provided there shall be no representation among such next of kin;

"(I) If there are no next of kin, to stepchildren or their lineal descendants, per stirpes;

"(J) If there are no stepchildren or their lineal descendants, escheat to the state."

[3] The text of R.C. 2107.39, in its entirety, prior to 1976 (135 Ohio Laws, Part I, 1932), is as follows:

"After the probate of a will and the filing of the inventory, appraisement, and a schedule of debts where ordered, the probate court on the motion of the executor or administrator, or on its own motion, forthwith shall issue a citation to the surviving spouse, if any be living at the time of the issuance of such citation, to elect whether to take under the will or under section 2105.06 of the Revised Code. If such spouse elects to take under such section, such spouse shall take not to exceed one half of the net estate and unless the will shall expressly provide that in case of such election there shall be no acceleration of remainder or other interests bequeathed or devised by will, the balance of the net estate shall be disposed of as though such spouse had predeceased the testator. The election shall be made within one month after service of the citation to elect, or if no citation is issued such election shall be made within seven months after the appointment of the executor or administrator. On a motion filed before the expiration of such seven months and for good cause shown, the court may allow further time for the making of the election. The election shall be entered on the journal of the court.

"When proceedings for advice or to contest the validity of a will are begun within the time allowed by this section for making the election, such election may be made within three months after the final disposition thereof if the will is not set aside.

*"When a surviving spouse succeeds to the entire estate of the testator, having been named the sole devisee and legatee, it shall be presumed that the spouse elects to take under the will of the testator and no citation shall be issued to the spouse as provided herein, and no election shall be required, unless the spouse manifests a contrary intention."* (Emphasis added.)

lineal descendants or among the lineal descendants of any deceased child, per stirpes. R.C. 2105.06(C).[4]

R.C. 2107.39 also has undergone a significant substantive change as of January 1, 1976. The probate court is still to issue a citation to a surviving spouse whereby the surviving spouse is "to elect whether to take under the will or under section 2105.06 of the Revised Code." R.C. 2107.39. Significantly, however:

---

[4] R.C. 2105.06, effective January 1, 1976 (136 Ohio Laws, Part I, 326, 339), and applicable at the time of decedent's death, provides:

"When a person dies intestate having title or right to any personal property, or to any real estate or inheritance in this state, the personal property shall be distributed, and the real estate or inheritance shall descend and pass in parcenary, except as otherwise provided by law, in the following course:

"(A) If there is no surviving spouse, to the children of the intestate or their lineal descendants, per stirpes;

"(B) If there is a spouse and one child or his lineal descendants surviving, the first thirty thousand dollars if the spouse is the natural or adoptive parent of the child, or the first ten thousand dollars if the spouse is not the natural or adoptive parent of the child, plus one-half of the balance of the intestate estate to the spouse and the remainder to the child or his lineal descendants, per stirpes;

"(C) If there is a spouse and more than one child or their lineal descendants surviving, the first thirty thousand dollars, if the spouse is the natural or adoptive parent of one of the children, or the first ten thousand dollars if the spouse is the natural or adoptive parent of one of the children, plus one-third of the balance of the intestate estate to the spouse and the remainder to the children equally, or to the lineal descendants of any deceased child, per stirpes;

"(D) If there are no children or their lineal descendants, then the whole to the surviving spouse;

"(E) If there is no spouse and no children or their lineal descendants, to the parents of the intestate equally, or to the surviving parent;

"* * * If the spouse elects to take under section 2105.06 of the Revised Code, the spouse shall take not to exceed one-half of the net estate *unless two or more of the decedent's children or their lineal descendants survive, in which case the spouse shall take not to exceed one-third of the net estate.*" (Emphasis added.)[5]

The probate court reasoned that the legislative intent of R.C. 2107.39 was to prohibit one's spouse from partially or

---

"(F) If there is no spouse, no children or their lineal descendants, and no parent surviving, to the brothers and sisters, whether of the whole or of the half blood of the intestate, or their lineal descendants, per stirpes;

"(G) If there are no brothers or sisters or their lineal descendants, one half to the paternal grandparents of the intestate equally, or to the survivor of them, and one half to the maternal grandparents of the intestate equally, or to the survivor of them;

"(H) If there is no paternal grandparent or no maternal grandparent, one half to the lineal descendants of the deceased grandparents, per stirpes; if there are no such lineal descendants, then to the surviving grandparents or their lineal descendants, per stirpes; if there are no surviving grandparents or their lineal descendants, then to the next of kin of the intestate, provided there shall be no representation among such next of kin;

"(I) If there are no next of kin, to stepchildren or their lineal descendants, per stirpes;

"(J) If there are no stepchildren or their lineal descendants, escheat to the state."

[5] The entire text of R.C. 2107.39, effective January 1, 1976 and in full force and effect on the date of decedent's death (136 Ohio Laws, Part I, 326, 345), states:

"After the probate of a will and the filing of the inventory, appraisement, and a schedule of debts where ordered, the probate court shall issue a citation to the surviving spouse, if any be living at the time of the issuance of the citation, to elect whether to take under the will or under section 2105.06 of the Revised Code. If the spouse elects to

totally disinheriting the other spouse. To effectuate this legislative purpose, the probate court held that the first $30,000 provided for in R.C. 2105.06(C) is, as is the $5,000 statutory allowance provided in R.C. 2117.20, a charge against and deduction from the gross estate. As such, a surviving spouse would not be in a lesser position if the surviving spouse elected to take against a deceased spouse's will than if the decedent had died intestate. The probate court further reasoned that the intent and purpose of R.C. 2107.39 is to place a surviving spouse in the same position that the surviving spouse would have been in if the deceased spouse had died intestate. Thus, pursuant to the probate court's reasoning, the $30,000 provided for in the statute of descent and distribution, R.C. 2105.06, is to be deducted from the gross estate. We disagree.

In discussing the right to inherit property, it is paramount to remember that the right to inherit is neither an inherent nor a natural right; rather, it is a right which the legislature creates and confers by statute. As such, the right to inherit is necessarily subject to legislative control and restriction. See *Kirsheman* v. *Paulin* (1951), 155 Ohio St. 137, 140 [44 O.O. 134]; *Ostrander* v. *Preece* (1935), 129 Ohio St. 625, 631. "It is a fundamental rule of statutory construction that sections and acts are *in pari materia* and should be construed together when they relate to the same matter * * *." *Volan* v. *Keller* (1969), 20 Ohio App. 2d 204, 206 [40 O.O.2d 286]. Since both R.C. 2105.06 and 2107.39 concern the devolution of property of descendants, they necessarily relate to the same subject matter and, consequently, are to be construed together. *In re Estate of Tertel* (Feb. 3, 1984), Lucas App. No. L-83-286, unreported. With these principles foremost in mind, we proceed with our analysis.

The Supreme Court of Ohio has defined the term "net estate," as used in R.C. 2107.39, as "that portion of the estate remaining after satisfaction of all the indebtedness of the decedent and the obligations against the estate * * *."

---

take under section 2105.06 of the Revised Code, the spouse shall take not to exceed one-half of the net estate unless two or more of the decedent's children or their lineal descendants survive, in which case the spouse shall take not to exceed one-third of the net estate. Unless the will expressly provides that in case of such an election there shall be no acceleration of remainder or other interests bequeathed or devised by the will, the balance of the net estate shall be disposed of as though the spouse had predeceased the testator. The election shall be made within one month after service of the citation to elect. On a motion filed before the expiration of the one-month period, and for good cause shown, the court may allow further time for the making of the election. If no action is taken by the surviving spouse within the one-month period, it is conclusively presumed the surviving spouse elects to take under the will. The election shall be entered on the journal of the court.

"When proceedings for advice or to contest the validity of a will are begun within the time allowed by this section for making the election, the election may be made within three months after the final disposition of the proceedings, if the will is not set aside.

"When a surviving spouse succeeds to the entire estate of the testator, having been named the sole devisee and legatee, it shall be presumed that the spouse elects to take under the will of the testator, and no citation shall be issued to the spouse as provided in this section, and no election shall be required, unless the spouse manifests a contrary intention."

This statute, R.C. 2107.39, was again amended effective on March 23, 1981. The decedent herein died, however, on February 19, 1981; therefore, R.C. 2107.39 as stated above and as in effect on the date of the decedent's death is the applicable law in the instant appeal. See *In re Estate of Florey* (1982), 212 Neb. 665, 671, 325 N.W. 2d 643, 646.

*Weeks* v. *Vandeveer* (1968), 13 Ohio St. 2d 15, 20 [42 O.O.2d 25]. See *Campbell* v. *Lloyd* (1954), 162 Ohio St. 203 [55 O.O. 102]. Furthermore, the Supreme Court has stated in *Weeks* at 20 and *Lloyd, supra,* at 205-206, that:

"* * * [T]he words 'net estate' as used in Section 10504-55, General Code [R.C. 2107.39], describe the same property as do those words of Section 10503-4, General Code [R.C. 2105.06] Revised Code, which describe the property to be distributed and to descend and pass pursuant to the provisions of the latter statute."

Although both the *Weeks* and *Lloyd* decisions were rendered prior to the 1976 revisions of R.C. 2105.06 (which added, *inter alia,* the language "the first thirty thousand dollars") and of R.C. 2107.39, we conclude that these decisions support the proposition that *distribution made pursuant to R.C. 2105.06 is to be made from the net estate.*

The probate court relied upon the rationale of *In re Green* (1980), 63 Ohio Misc. 44 [17 O.O.3d 388], to support the position that the first $30,000 provided for in R.C. 2105.06(C) is to be deducted from the gross estate. In *Green,* the Court of Common Pleas of Erie County, Probate Division, held that the value of an automobile taken by a surviving spouse pursuant to R.C. 2113.52 is not an asset of the estate and that the $5,000 statutory allowance provided for in R.C. 2117.20 should be deducted from and charged against the value of the gross estate prior to computing a surviving spouse's interest pursuant to R.C. 2105.06.

We agree with the *Green* decision and endorse it as an accurate statement of the law. The automobile which a surviving spouse is entitled to receive is expressly excluded by statute from being an asset of the estate.[6] R.C. 2113.532. Further, the statutory allowance permitted by R.C. 2117.20[7] is to be deducted from the gross estate prior to determining a surviving spouse's distributive share under R.C. 2105.06. Support for this position lies not only in the fact that R.C. 2117.20 is contained in R.C. Chapter 2117, presentment of claims against the estate, but also in that the spouse's allowance is expressly delineated as an estate debt in R.C. 2117.25.[8]

Accordingly, the probate court's reliance on the *Green* rationale as support for the proposition that the first $30,000 provided for in R.C. 2105.06, just as the $5,000 statutory allowance,

---

[6] In relevant part, R.C. 2113.532 (137 Ohio Laws, Part I, 899), stated:

"(A) A surviving spouse is entitled to receive one automobile from the estate of a deceased spouse if owned by the deceased spouse at the time of death and not otherwise specifically disposed of by testamentary disposition. *The automobile shall not be considered an estate asset,* but shall be included and stated in the estate inventory. In the event the deceased spouse owned more than one automobile, not otherwise specifically disposed of by a testamentary disposition, the surviving spouse shall make a selection. Transfer of title shall be effected pursuant to section 4505.10 of the Revised Code." (Emphasis added.) See *In re Green* (1980), 63 Ohio Misc. 44 [17 O.O.3d 388].

[7] R.C. 2117.20 states:

"If a person dies leaving a surviving spouse, or leaving minor children and no surviving spouse, the surviving spouse or the minor children shall be entitled to receive in money or property the sum of five thousand dollars as an allowance for support. The money or property set off as an allowance shall be considered estate assets." See *In re Green, supra.*

[8] R.C. 2117.25 materially provides:

"Every executor or administrator shall proceed with diligence to pay the debts of the deceased, and shall apply the assets in the following order:

"* * *

"(C) The allowance made to the surviving spouse and children."

provided for in R.C. 2117.20, is to be deducted from the gross estate, is misplaced.

Applying the rationale of the Supreme Court in both *Weeks* and *Lloyd, supra,* we hold that the first $30,000 to which the surviving spouse is entitled pursuant to R.C. 2105.06(C) is a distribution which is to be made from the net estate rather than a charge against or deduction from the gross estate.

We determine that R.C. 2107.39 permits a surviving spouse to take *no more* than one-third of the net estate when a surviving spouse, pursuant to the statute, elects to take against a deceased spouse's will and where two or more of the decedent's children, or their lineal descendants, survive. Further, a surviving spouse's statutory right to a "forced share" of the deceased spouse's estate cannot be characterized as a "liability of the decedent" or of the estate so as to constitute a claim against the estate. See *In re Cole's Estate* (1982), 120 Mich. App. 539, 549, 328 N.W. 2d 76, 81. The legislature, in enacting R.C. 2107.39, has provided a surviving spouse with the option of electing to take *the increased intestate share to the extent that said share does not exceed one-half of the net estate or, if two or more of the decedent's children or their lineal descendants survive, one-third of the net estate.* See Page's Ohio Revised Code Annotated (1976), Comment to R.C. 2107.39.

Admittedly, that share of a deceased spouse's estate to which a surviving spouse is entitled may indeed be less when a will exists and the surviving spouse chooses to elect against it than when a deceased spouse dies with no will at all. As stated earlier, however, the right to inherit is neither natural nor inherent; rather, it is subject to legislative control and restriction.

Appellant's sole assignment of error is found well-taken. The judgment of the Huron County Common Pleas Court, Probate Division, is reversed. Pursuant to App. R. 12(B), and rendering the judgment which the probate court should have rendered, it is ordered, adjudged and decreed that the surviving spouse Florence R. Mann, having chosen to elect against her deceased husband's will, shall receive her statutory share, pursuant to R.C. 2105.06(C), to the extent that it does not exceed one-third of the net estate. The cause is remanded to the Huron County Common Pleas Court for execution of the judgment herein rendered and assessment of costs.

*Judgment reversed.*

HANDWORK and RESNICK, JJ., concur.

WILEY, J., retired, of the Sixth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.