In re Estate of McVicker, Deceased.

(No. 82381 — Decided August 27, 1985.)

Court of Common Pleas of Ashland County, Probate Division.

*Troth, Van Tilburg & Cogan* and *Hugh I. Troth,* for co-executors.

*Gongwer, Shafer & Auten* and *Anthony R. Auten,* for surviving spouse.

MICHAEL R. McKINLEY, J. The decedent, Jack J. McVicker, passed away on December 22, 1982. McVicker was married twice during his lifetime. His first wife, Alice, predeceased him. Two children were born of the marriage, Mary Jane (McVicker) Saylor and Robert M. McVicker. Both children survive the decedent and are the co-executors of his estate. The decedent's second wife, Jane (Banghart) McVicker, survives him. No children were born of this second marriage.

Jack McVicker executed his last will and testament on September 12, 1977. The will was admitted to probate without objection or contest on January 5, 1983. The will gives, devises and bequeaths all property of the decedent to said children of his first marriage, Mary Jane and Robert. His second wife and surviving spouse, Jane, receives nothing under the will. The surviving spouse elected to take against the decedent's will and receive her share of his estate under R.C. 2107.39.

The co-executors propose to apportion the federal estate tax as follows: all costs of administration, unpaid debts of the decedent, and other obligations of the estate, including the federal estate tax, shall be deducted from the gross estate to determine the net estate; the surviving spouse shall receive one-third of said net estate. The surviving spouse objects to that method of apportionment and proposes the following method: all costs of administration, debts of the decedent, and other obligations of the estate, not including the federal estate tax, shall be deducted from the gross estate; the surviving spouse shall receive one-third of the balance; the federal estate tax shall then be apportioned against the remaining two-thirds of the balance; the two surviving children shall each receive one-third of what remains after the federal estate tax is apportioned.

This case presents to the court an interesting but complicated question, as follows: When a surviving spouse elects to take against the will of a decedent spouse, is the federal estate tax to be apportioned to the estate prior to determining the interest of the surviving spouse? Or, in the alternative, is the interest of the surviving spouse to be determined, and the federal estate tax apportioned to the balance of the estate? Under the first alternative, the surviving spouse will share in the apportionment of the federal estate tax. Under the second alternative, the surviving spouse will not share in the apportionment.

For many years, the state of Ohio had no legislation regarding the apportionment of federal estate taxes. The matter of apportionment was left to case by case determination by various courts of the state. The law of apportionment of federal estate taxes under case law in Ohio, as developed over the years, became relatively clear. As applied to this case, R.C. 2107.39 specifically limited the interest of a surviving spouse electing to take against the will of a decedent spouse to a share of the net estate. The net estate was determined to be what was left after the costs of administration, unpaid debts of the decedent, and other obligations of the estate, including federal estate taxes, were deducted. See *Campbell* v. *Lloyd* (1954), 162 Ohio St. 203 [55 O.O. 102]; and *Weeks* v. *Vandeveer* (1968), 13 Ohio St. 2d 15 [42 O.O.2d 25].

Thus, under Ohio case law, the interest of a surviving spouse electing to take against the will under R.C. 2107.39 was to be determined after deducting the federal estate taxes from the estate. As a result, the surviving spouse shared in the apportionment of the federal estate tax.

On March 23, 1981, R.C. 2113.86 and 2113.88 of the Ohio Estate Tax Apportionment Act, enacted by the General Assembly, went into effect. Do either of these sections of the Ohio Revised Code change the case law controlling the apportionment of federal estate taxes *in the case at hand* as established by judicial decisions in Ohio prior to March 23, 1981?

It is clear that one result of the Ohio Estate Tax Apportionment Act was to enhance to some extent the estate tax marital deduction. *In re Estate of Williams* (1983), Highland P.C. No. 19294, unreported, affirmed Highland App. No. 536, unreported. The *Williams* case correctly held that the Ohio Estate Tax Apportionment Act enhances the estate tax marital deduction in the apportionment of Ohio estate tax. The *Williams* case, however, dealt with apportionment of Ohio estate tax, not with apportionment of federal estate tax. The *Williams* case relied upon the second paragraph of R.C. 2113.88.

The first paragraph of R.C. 2113.88 *exempts from apportionment of federal estate tax* the marital deduction allowable under federal estate tax law *where the interest of the surviving spouse in the decedent's estate is created by the terms of the decedent's will.* The first paragraph also *exempts from apportionment of Ohio estate tax* the marital deduction allowable under Ohio estate tax law *where the interest of the surviving spouse in the decedent's estate is created by the terms of the decedent's will.* Three words of limitation on the exemptions created by this first paragraph of R.C. 2113.88 are "legatee, devisee, or donee," all three of which traditionally are defined as persons inheriting in accordance with the terms of a decedent's will.

The second paragraph of R.C. 2113.88 increases the amount of the exemption from apportionment of Ohio estate tax, providing that the amount of said exemption shall be the full value of the marital deduction allowable under federal estate tax law rather than allowable under Ohio estate tax law, even though said deduction may exceed substantially the marital deduction allowable under Ohio estate tax law. The second paragraph of R.C. 2113.88 further expands that exemption from apportionment of Ohio estate tax to include any beneficiary entitled to a marital, charitable, or orphan's deduction, rather than limiting it to legatees, devisees and donees as are the exemptions granted in the first paragraph of this section. Thus, the enhancements of the marital deduction, as provided for in this second paragraph of R.C. 2113.88, are clearly limited to the apportionment of the Ohio estate tax and do not apply to the apportionment of federal estate tax.

It is the court's opinion that in interpreting and applying the Ohio Estate Tax Apportionment Act, following the appropriate rules of construction, interpreting what the legislature said and not indulging in what the legislature might have meant to say, R.C. 2113.86 and 2113.88 do not enhance the marital deduction *in the case at hand* in apportioning federal estate taxes. It is further the opinion of the court that the apportionment of federal estate taxes *in the case at hand* continues to be controlled by the case law of Ohio as developed prior to March 23, 1981. To conclude otherwise would be an invasion by this court into the exclusive function of the General Assembly. In other words, the court would be legislating, not interpreting and applying legislation lawfully enacted.

It is interesting to note that the General Assembly, at the same time that it enacted R.C. 2113.86 and 2113.88, amended R.C. 2107.39. Notwithstanding its purpose in enacting R.C. 2113.86 and 2113.88, the General Assembly maintained in R.C. 2107.39 the measurement of "net estate" in identifying from what the electing spouse's interest was to be determined. Presumably, if the General Assembly had intended to enhance the marital deduction in federal estate tax apportionment *in cases such as the one at hand,* as argued by the surviving spouse, it could very easily have done so in several ways. R.C. 2107.39(C) could have been amended to read, "* * * net estate *prior to apportioning federal and state estate taxes.*" (Emphasis added.) Or, the first paragraph of R.C. 2113.88 could have been enacted to read, "* * * shall inure to the benefit of the legatee, devisee, donee, *heir, next of kin, or surviving spouse electing to take against the will.*" (Emphasis added.) Or, the second paragraph of R.C. 2113.88 could have been enacted to read, "[t]he Ohio estate tax *and the federal estate tax* shall not be apportioned against * * *." (Emphasis added.) Furthermore, in support of the conclusion that the enactment of R.C. 2113.86 and 2113.88 did not significantly change the meaning of the term "net estate" as contained in R.C. 2107.39, see *Winklefoos* v. *Mann* (1984), 16 Ohio App. 3d 266.

There is a significant difference between a surviving spouse generously included in the provisions of the will of his or her caring decedent spouse, and the surviving spouse electing to take against the will of a decedent spouse. Whatever a decedent spouse's motives are, good, bad, or otherwise, there are most likely some personal reasons why a decedent spouse did what he or she did. We have already invaded a decedent spouse's wishes by virtue of the inheritance law of R.C. 2107.39. Should we further enhance the state's invasion of a decedent's wishes by virtue of tax apportionment through R.C. 2113.86 and 2113.88? Without regard to the merits of that issue, presumably the legislature *considered it and made its decision not to,* and the court must and should adhere thereto.

The objection to apportionment of the federal estate tax made by the surviving spouse in the case at hand is overruled, and the apportionment thereof proposed by the fiduciaries of the estate is sustained.

*Judgment accordingly.*